# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| ALLAN COHEN, ROBERT C. MORLINO, AND JAMES A. WOODS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PIONEER ELECTRONICS (USA) INC. AND PIONEER CORP.,<br><br>Defendants. | **CIVIL ACTION NO.** _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Allan Cohen, Robert C. Morlino, and James A. Woods, by their attorneys, make the following allegations and claims for their complaint against Pioneer Electronics (USA) Inc. (hereinafter referred to as "Pioneer Electronics") and Pioneer Corporation (hereinafter referred to as "Pioneer Corp.") (collectively referred to as "Pioneer" or "Defendants"). The following allegations are made upon information and belief, except as to allegations specifically pertaining to plaintiffs, which are made upon knowledge.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332, because the aggregate claims of Plaintiffs exceeds the sum or value of $5,000,000, and there is diversity of citizenship between proposed class members and Defendants.

2.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c). The events and conduct giving rise to the violations of law in this action constitute interstate commerce, and a significant portion thereof occurred in this District. Defendant Pioneer Electronics is a

corporation legally domiciled in Delaware, and both Defendants conduct substantial business in this District, including conduct directed at the consumer Plaintiffs and members of the Class, including the promotion, sale, and marketing of their products.

## PRELIMINARY STATEMENT

3.    This class action is brought by plaintiffs seeking damages and equitable relief on their own behalf and on behalf of all others similarly situated in the United States who have purchased Pioneer Elite Pro x30 HDTV (high definition) projection television sets (the "Televisions"). Plaintiffs allege that the Televisions possess a characteristic and inherent defect (the "Defect"). The Defect causes green, red, and/or blue lines to be displayed across the screens of the Televisions, severely interfering with the program display, and rendering the Televisions unsuitable for their principal purpose.

4.    As such, Pioneer has perpetuated a massive fraud upon tens of thousands of unsuspecting consumers. Pioneer marketed these Televisions as high-end "videophile" devices, with a high definition picture far superior to that provided by a standard television, and these claims allowed Pioneer to command suggested retail prices for these units of approximately $5,000.00, or more. In fact, the Defect contained in the Televisions, and the green, red, and/or blue lines that it causes to appear across the screen, render them essentially useless.

## PARTIES

5.    Plaintiff Allan Cohen purchased a Television containing the Defect and resides in Glenelg, Maryland.

6.    Plaintiff Robert C. Morlino purchased a Television containing the Defect and resides in Washington, District of Columbia.

7.     Plaintiff James A. Woods purchased a Television containing the Defect and resides in Parker, Colorado.

8.     Defendant Pioneer Electronics is a Delaware corporation, with its principal offices located in Long Beach, California.  Pioneer Electronics is a marketer and distributor of consumer electronics products, including the Televisions containing the Defect forming the subject matter of this action, which it caused to be placed into the stream of commerce throughout the United States.

9.     Defendant Pioneer Corp. is a Japanese corporation with its headquarters at 4-1 Meguro 1-Chome, Meguro-Ku, Tokyo, Japan. Pioneer Corp. designed, manufactured, and marketed the Televisions containing the Defect, and purposefully caused them to be placed into the stream of commerce within this District and throughout the United States.

10.     Plaintiffs are informed and believe and thereon allege that at all relevant times, each of the defendants was the agent, servant, representative, successor, successor in interest and employee of the remaining co-defendants, and in doing the things hereinafter alleged, each was acting within the course and scope of said agency and employment and with the ratification and authorization of its respective principals.

## STATEMENT OF FACTS

11.     HDTV refers to high definition television, a method of portraying television images in high resolution, with a high degree of picture detail and accuracy.  As such, HDTV televisions command prices several times higher than those for common standard definition television sets.  Consumers purchasing HDTV televisions therefore pay a significant premium for the ability to enjoy the high quality picture such television sets offer.

3

12.    Pioneer offers its Televisions to capitalize on this market, offering high definition resolution and large screens to consumers desiring the best video experience available.  Pioneer's marketing materials represent that:

> Pioneer Projection TVs set the standard for clarity, color, and intensely great home theater. You'll enjoy the benefits of Pioneer proprietary technologies and the finest circuits, lenses, and screens. True HDTV resolution and automatic conversion of any film-based source -- such as a movie on TV -- to 1080i resolution. With screen sizes up to 64", the "Wow!" factor is huge.

13.    The Televisions, unfortunately, have produced exclamations of an entirely different sort than intended and represented by Pioneer.  This is because after approximately three months of normal usage, consumers have been dismayed to find that the Televisions display not the perfectly clear, high resolution picture for which they have paid so dearly, but rather display green, red, and/or blue lines running across the screen over the displayed program. These lines greatly interfere with the viewing of the program, and render the Televisions unsuitable for their intended purpose.

14.    The green, red, and/or blue lines, are believed to be caused by a condition in the Televisions' circuitry that damages the sensitive electronic components contained on the Televisions' CRT (Cathode Ray Tube) drive cards.  The CRT drive cards are the video output amplifiers that supply the video signal to the cathode ray tubes, and thereby create the picture on the viewing screen.  Once damaged in this manner, the defective CRT drive cards generate the offending green, red, and/or blue lines.

15.    To date, despite persistent consumer demands, Pioneer has been unable or unwilling to develop or offer to consumers any permanent fix for the Defect.  Instead, Pioneer has offered only to replace the Televisions' CRT drive cards -- often requiring consumers to wait several months for the cards to be delivered -- but has done nothing to correct the underlying

4

cause of the Defect. As a result, although the new CRT cards serve as a temporary "band-aid" solution, the underlying Defect remains, and will cause the green, red, and/or blue lines to reappear anywhere from several weeks to several months after installation, depending upon usage.

16.     Additionally, either as a result of the Defect, or the result of defective power supply units, the Televisions frequently lose power, causing them to turn off suddenly. Pioneer similarly failed to disclose these power supply issues.

17.     Pioneer has known about the Defect contained in the Televisions since no later than early 2003, and likely earlier. Despite this fact, Pioneer has continued to misrepresent to consumers that the Televisions provide excellent video quality and has omitted to disclose to consumers the existence of the Defect -- none of whom would have purchased the Televisions had they known of this material fact.

18.     The aforementioned misrepresentations and omissions of fact were formulated and disseminated by Pioneer from the principal office of Pioneer Electronics in California, where Pioneer Corp. also conducts operations and routinely stations its own employees in the United States. Pioneer's headquarters for the entire North American market are based in Long Beach, California. From its principal offices in California, Pioneer disseminated -- nationwide and throughout California -- advertising and marketing materials relating to its Televisions. Pioneer furthermore placed the Televisions containing the Defect into the stream of commerce in California, from where they were distributed throughout the United States. Primarily from these principal offices in California, through its employees and agents located there, Pioneer also made the decision to omit to disclose the Defect contained in its Televisions to consumers both in California, as well as throughout the nation. Pioneer's call center operations, through which the

misrepresentations regarding the Televisions were disseminated, and the material facts omitted to be disclosed, are similarly based in California.

19.     As a result of Pioneer's actions, all consumers who have purchased the Televisions have been damaged.

### CLASS ACTION ALLEGATIONS

20.     Plaintiffs bring this action on behalf of themselves and all other members of a class consisting of all purchasers of the Televisions in the United States (the "Class"). Excluded from the Class are defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with defendants, including, without limitation, persons who are directors of Pioneer.

21.     The Class is composed of thousands of persons and entities nationwide, and is sufficiently numerous for class treatment. The joinder of all Class members individually in one action would be impracticable, and the disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

22.     Plaintiffs' claims are typical of the claims of the Class, and plaintiffs have no interests adverse to the interests of other members of the Class.

23.     This dispute raises questions of law and fact that are common to all Class members. Those common questions predominate over questions that arise on an individual basis for Class members. The common questions of law and fact include, without limitation:

(a)     Whether Pioneer violated California Business & Professions Code § 17200, *et seq.* and § 17500, *et seq.*;

(b)     To the extent other State laws prohibiting consumer deception are applicable, whether Pioneer violated the respective laws of those States;

6

(c)     Whether Pioneer's representations, omissions, and conduct regarding the Televisions were misleading or false;

(d)     Whether Pioneer's representations and conduct were likely to deceive consumers into believing that the Televisions operated properly;

(e)     When Pioneer initiated the deceptive marketing campaign;

(f)     Whether Pioneer undertook a course of conduct to hide the existence of the Defect from the members of the Class;

(g)     Whether the Defect constitutes a manufacturing or design defect;

(h)     Whether the Defect constitutes a breach of Pioneer's warranties;

(i)     Whether the members of the Class have been injured by Pioneer's conduct;

(j)     Whether the members of the Class have sustained damages and are entitled to restitution as a result of Pioneer's wrongdoing and, if so, what is the proper measure and appropriate formula to be applied in determining such damages and restitution; and

(k)     Whether the members of the Class are entitled to injunctive relief.

24.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of class action litigation.

25.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

26.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class

treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. If a Class or general public action is not permitted, Class members will continue to suffer losses and Pioneer's misconduct will continue without proper remedy.

27.    Pioneer has acted and refused to act on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**

**Unlawful, Unfair and Fraudulent Business Acts and
Practices in Violation of Bus. & Prof. Code § 17200, *et seq*.
(Against All Defendants)**

28.    Each of the above allegations is incorporated herein.

29.    This cause of action is brought by plaintiffs individually, on behalf of the Class defined above, and on behalf of the general public.

30.    The acts, practices, misrepresentations and omissions by Pioneer described above, and Pioneer's dissemination of deceptive and misleading advertising and marketing materials in connection therewith, constituted unlawful, unfair and fraudulent business acts and practices and untrue and misleading advertising within the meaning of California Business & Professions Code § 17200, *et seq.*

31.    Pioneer engaged in "unfair" business acts or practices by the promotional efforts undertaken and disseminated. Pioneer knew that its Televisions contained a characteristic defect, and it determined to benefit economically by distributing these defective products to consumers. Pioneer's misconduct offends public policy and is immoral, unscrupulous, unethical and offensive, and causes substantial injury to consumers.

32.     Pioneer's unlawful, fraudulent or unfair business acts and practices present a continuing threat to plaintiffs, Class members and the general public in that Pioneer has refused to publicly acknowledge the Defect, correct its wrongdoing, and provide compensation for the damages it has caused to consumers.

33.     Pursuant to California Business & Professions Code § 17203, plaintiffs, on behalf of themselves, the other Class members, and the general public, seek an order of this Court enjoining Pioneer from withholding information regarding the Defect its Televisions possess. Plaintiffs, on the same basis, seek restitution of any monies wrongfully acquired or retained by Pioneer and disgorgement of Pioneer's ill-gotten gains obtained by means of its unfair practices.

## COUNT II
### Untrue and Misleading Advertising in Violation
### of Bus. & Prof. Code § 17500, *et seq.*
### (Against All Defendants)

34.     Each of the above allegations is incorporated herein.

35.     This cause of action is brought by plaintiffs individually, on behalf of the Class defined above, and on behalf of the general public.

36.     California Business & Professions Code § 17500 prohibits various deceptive practices in connection with the dissemination in any manner of representations for the purpose of inducing, or which are likely to induce, directly or indirectly, customers to purchase consumer electronics products such as the Televisions here at issue.

37.     Pioneer's acts, practices, misrepresentations and omissions alleged herein were intended to, and did, induce the consuming public to purchase the Televisions, and violated and continue to violate Business & Professions Code § 17500, in that Pioneer caused advertisements for its Televisions to be placed before the general public, but Pioneer's product did not conform to the advertisements.

38.     As a result of the foregoing, plaintiffs, other Class members, and the general public are entitled to injunctive and equitable relief, restitution, and an order requiring disgorgement of Pioneer's ill gotten gains, as described above.

## COUNT III

### Unlawful Practice in Sale of Consumer Goods in Violation of Consumers Legal Remedies Act, Civil Code § 1750, *et. seq.* (Against All Defendants)

39.     Each of the above allegations is incorporated herein.

40.     This cause of action is brought by plaintiffs individually, on behalf of the Class defined above, and on behalf of the general public.

41.     The Televisions as described above were bought by plaintiffs, and other consumers similarly situated, primarily for personal, family or household purposes.

42.     Prior to plaintiffs' purchases of the above-mentioned Television, defendants violated California Civil Code § 1770 in the following respects:

(a)     In violation of California Civil Code § 1770(a)(5), Pioneer misrepresented that the Televisions were free from defects, when in fact they contain a significant defect that results in the generation of green, red, and/or blue lines running across the viewing screen;

(b)     In violation of California Civil Code § 1770(a)(5), Pioneer represented that the Televisions were capable of properly rendering a video program and able to do so with a high degree of precision, when in fact they are unable to do so due to the green, red, and/or blue lines interfering with the picture;

(c)     In violation of California Civil Code § 1770(a)(5), Pioneer represented in marketing materials and product manuals that the Televisions had characteristics which they did not have, as the Televisions were incapable of properly rendering video without green, red, and/or blue lines running across the viewing screen;

(d)     In violation of California Civil Code § 1770(a)(7), Pioneer represented that the Televisions were of a particular standard, namely, that they would properly play HDTV and standard definition programming, when in fact they would not without green, red, and/or blue lines running across the viewing screen;

(e)     In violation of California Civil Code § 1770(a)(9), Pioneer advertised the Televisions as providing high quality video playback with the intent not to sell the Televisions as advertised; and

(f)     In violation of California Civil Code § 1770(a)(5), Pioneer represented that the Televisions were capable of high quality video display, when in fact they were not.

43.     Plaintiffs are informed and believe and thereon allege that the above-mentioned misrepresentations resulted in the sale of the Televisions to plaintiffs and to other consumers similarly situated.

44.     On or about late June, plaintiffs' counsel sent a letter dated June 24, 2004 to defendants' counsel by certified mail, return receipt requested, that contained a notice of defendants' violation of the Consumers Legal Remedies Act and a demand for remedy by defendants.   True and correct copies of that letter and the return receipt are attached to this Complaint as Exhibits "1" and "2," the contents of which are incorporated herein by reference. The letter notified Pioneer of its above-mentioned violations of the Civil Code that resulted in the sale of the Televisions to plaintiffs and to all others similarly situated, and demanded that defendants remedy the violations.

45.     Pioneer to date has failed to remedy its violations of the Consumer Legal Remedies Act.

46.    By reason of the above-mentioned violations of the Civil Code, plaintiffs, and others similarly situated, have suffered damages determined by plaintiffs to be the difference between the purchase price of the Television and its fair retail price at the time of purchase.

47.    The aforementioned violations of the Civil Code by defendants were willful, oppressive and fraudulent.  Plaintiffs are therefore entitled to an award of punitive damages.

## COUNT IV

### Violation of the Song Beverly Consumer Warranty Act
### (Cal Civ. Code § 1792 *et seq.*)
### (Against All Defendants)

48.    Each of the above allegations is incorporated herein.

49.    This cause of action is brought by plaintiffs individually and on behalf of the Class defined above.

50.    Under the Song Beverly Consumer Warranty Act, defendants are required to make available replacement parts, such as firmware, to effect repairs during the warranty period, and repair defects within 30 days.  Cal. Civ. Code § 1793.2(a)(3) and (b).

51.    Defendants violated the Song Beverly Consumer Warranty Act by failing to provide the repair or replacement of the defective Televisions within 30 days.

52.    As provided by the Song Beverly Consumer Warranty Act, plaintiffs, on their own behalf and on behalf of the Class, seek reimbursement of the cost of the defective Televisions as well as an award of attorneys' fees.

## COUNT V

### Violation of Magnuson-Moss Act (15 U.S.C. § 2301 *et seq.*)
### (Against All Defendants)

53.    Each of the above allegations is incorporated herein.

54.    Plaintiffs are consumers as defined in 15 U.S.C. § 2301(3).

55.    Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301 (4)(5).

56.     The Televisions are consumer products as defined in 15 U.S.C. § 2301(6).

57.     By reason of Pioneer's breach of its express written warranties stating that the Televisions would operate properly, were free from material defects, and that it would repair or replace any such defects, defendants have violated the statutory rights due the plaintiffs and the Class pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging plaintiffs and the Class.

## COUNT VI
### Breach of Express Warranty
### (Against All Defendants)

58.     Each of the above allegations is incorporated herein.

59.     This cause of action is brought by plaintiffs individually and on behalf of the Class defined herein.

60.     Pioneer's affirmations of fact and/or promises relating to the Televisions created express warranties that the products purchased by plaintiffs and the Class would operate properly and without defects, and would therefore portray video without extraneous artifacts which would impair the viewing of the video program.

61.     Alternatively, Pioneer's descriptions of the Televisions became part of the bases of the bargains between consumers and Pioneer, creating express warranties that the product purchased by plaintiffs and the Class would conform to Pioneer's representations.

62.     In fact, the products purchased by plaintiffs did not so conform.

63.     As a result of the foregoing, plaintiffs and the Class have suffered damages.

## COUNT VII
### Breach of Implied Warranty
### (Against All Defendants)

64.     Each of the above allegations is incorporated herein.

65.     This cause of action is brought by plaintiffs individually and on behalf of the Class defined herein.

66.     Pioneer's affirmations of fact and/or promises relating to the Televisions created implied warranties that the products purchased by plaintiffs and the Class would operate properly and without defects, and would therefore portray video without extraneous artifacts which would impair the viewing of the video program.

67.     Alternatively, Pioneer's descriptions of the Televisions became part of the bases of the bargains between consumers and Pioneer, creating implied warranties that the product purchased by plaintiffs and the Class would conform to Pioneer's representations.

68.     In fact, the products purchased by plaintiffs did not so conform.

69.     As a result of the foregoing, plaintiffs and the Class have suffered damages.

<u>COUNT VIII</u>

**Unfair and Deceptive Acts and Practices Under State Law**
**(Against All Defendants)**

70.     Each of the above allegations is incorporated herein.

71.     The practices discussed above constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or business practices in violation of the state consumer protection statutes listed in ¶¶ 72-116.

72.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

73.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, *et seq.*

74.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.*

75.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et seq.*

76.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq.*

77.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or have made false representations in violation of Colo. Rev. Stat. § 6-1-105, *et seq.*

78.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b, *et seq.*

79.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code § 2511, *et seq.*

80.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of D.C. Code § 28-3901, *et seq.*

81.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201, *et seq.*

82.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. §10-1-392, *et seq.*

83.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Haw. Rev. Stat. § 480, *et seq.*

84.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*

85.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS § 505, *et seq.*

86.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*

87.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.110, *et seq.*

88.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*

89.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 207, *et seq.*

90.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*

91.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93A, *et seq.*

92.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Stat. § 445.901, *et seq.*

93.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. § 8.31, *et seq.*

94.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Missouri Stat. § 407.010, *et seq.*

95.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code § 30-14-101, *et seq.*

96.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.*

97.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.*

98.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*

99.    Defendants have engaged in unfair competition or unfair, unconscionable or deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, *et seq.*

100.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, *et seq.*

101.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349 *et seq.*

102.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*

103.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. CODE § 51-15-01, *et seq.*

104.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.*

105.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices or made false representations in violation of Okla. Stat. 15 § 751, *et seq.*

106.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 646.605, *et seq.*

107.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.*

108.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq*.

109.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq*.

110.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. code Laws § 37-24-1, *et seq*.

111.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq*.

112.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq*.

113.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code. § 13-11-1, *et seq*.

114.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 9 Vt. § 2451, *et seq*.

115.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq*.

116.    Defendants have engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Wash. Rev. Code. § 19.86.010, *et seq*.

117.    Plaintiffs and members of the Class have been injured by reason of Defendants' unfair and deceptive acts and practices in regard to their manufacturing, marketing, sale, and warranty practices relating to the defective televisions.  These injuries are of the type that the above State consumer protection statutes were designed to prevent, and are the direct result of defendants' unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter judgment as follows:

A.    Declaring that this action is properly maintainable as a class action and certifying plaintiffs as Class representatives;

B.    Awarding damages to plaintiffs and the other Class members for Pioneer's breach of contract;

C.    Awarding restitution and disgorgement as a result of Pioneer's unfair business practices and untrue and misleading advertising;

D.    Requiring Pioneer to inform the public of the Defect possessed by its Televisions and enjoining Pioneer from refusing to perform its warranty obligations;

E.    Awarding pre- and post-judgment interest;

F.    Awarding attorney fees, expenses, and costs; and

G.    Providing such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury.

Dated: February 23, 2006

> MILBERG WEISS BERSHAD
> & SCHULMAN LLP
>
> By: _____
> Seth D. Rigrodsky (DSBA No. 3147)
> Brian D. Long (DSBA No. 4347)
> 919 North Market Street, Suite 980
> Wilmington, DE 19801
> (302) 984-0597
> (302) 984-0870 (fax)
>
> *- and -*

Sanford P. Dumain
Lee A. Weiss
Jennifer S. Czeisler
**MILBERG WEISS BERSHAD
   & SCHULMAN LLP**
One Pennsylvania Plaza
New York, NY 10119
(212) 594-5300
(212) 868-1229 (fax)


**ROBERT I. LAX & ASSOCIATES**
Robert I. Lax
535 Fifth Avenue, Suite 2100
New York, NY 10017
(212) 818-9150
(212) 208-4309 (fax)


**THE HERSKOWITZ LAW FIRM**
Jon Herskowitz
9100 S. Dadeland Boulevard, Suite 1404
Miami, FL 33156
(305) 670-0101
(305) 670-2835 (fax)


**LAW OFFICES OF HAROLD J. TOMIN**
Harold J. Tomin
1465 Fuller Avenue
Los Angeles, CA 90036
(323) 939-0644
(323) 939-4497 (fax)


**Attorneys for Plaintiffs**

# EXHIBITS 1-2
# to Class Action Complaint

# EXHIBIT 1

# ROBERT I. LAX & ASSOCIATES
## ATTORNEYS AND COUNSELLORS AT LAW

535 FIFTH AVENUE
21ST FLOOR
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 818-9150
FAX: (212) 818-1266
WWW.LAX-LAW.COM

ROBERT I. LAX

WRITER'S E-MAIL ADDRESS:
RLAX@LAX-LAW.COM

WRITER'S DIRECT FAX:
(212) 208-4309

**Via Fax: (0-11) 81-3-3490-6324 and
and Certified Mail**

June 24, 2004

Yosuke Ishihara, Esq.
Senior Legal Staff
Legal Affairs Division
Pioneer Corporation
4-1 Meguro 1-Chome, Meguro-ku
Tokyo 153-8654, Japan

Bernard A. Gaffaney, Esq.
Senior Counsel
Pioneer Electronics (USA) Inc.
2265 E. 220th Street
Long Beach, California 90810

Re:    Domian v. Pioneer Electronics (USA), Inc. and Pioneer Corp.

Dear Messrs Ishihara and Gaffaney:

Please be advised that this firm, Robert I. Lax & Associates, Milberg Weiss Bershad & Schulman, LLP, and The Herskowitz Law Firm, represent plaintiff Brian Domian on behalf of himself and all others similarly situated in an action against, Pioneer Electronics (USA), Inc. and Pioneer Corp. (collectively referred to hereinafter as "Pioneer"). This notice is being sent to you pursuant to Civil Code section 1782(a)(2).

As you may know, our client is maintaining a class action on behalf of all consumers nationwide who purchased Pioneer Elite Pro x30 Rear Projection Televisions. Plaintiff is alleging through this action that the televisions he and other consumers purchased contain an inherent defect, to wit, that the televisions contain a flaw that results in green, red, and/or blue lines to be displayed across the viewing screen. It is further alleged that these lines are a direct result of a condition that damages the CRT drive cards, and the components contained on those cards, and that Pioneer has been unwilling or unable to correct the defect.

ROBERT I. LAX & ASSOCIATES

Page 2

Despite the above mentioned defects, Pioneer explicitly represented -- and continues to represent -- to consumers that these televisions were in fact defect free, and capable of properly rendered High Definition video. Such representations were made as part of Pioneer's advertising of the products, on the packaging of the products, as well as the written warranty accompanying the televisions.

Although Pioneer has been aware of the defect since no later than November 2002, Pioneer has omitted to inform consumers of the defect. Pioneer has failed to disclose the existence of the defect through the present day, and has misrepresented the extent and nature of the problem.

The above practices constitute violations of California Civil Code section 1770 in the following respects:

(a) In violation of California Civil Code §1770(a)(3), Pioneer misrepresented that the subject Televisions were free from defects, when in fact they contain a significant defect that result in the generation of green, red, and/or blue lines running across the viewing screen;

(b) In violation of California Civil Code §1770(a)(4), Pioneer represented that the subject Televisions were capable of properly rendering a video program, and able to do so with a high degree of precision, when in fact they are unable to do so due to the green, red, and/or blue lines interfering with the picture;

(c) In violation of California Civil Code §1770(a)(5), Pioneer represented in marketing materials and product manuals that its Televisions had characteristics which they did not have in that the Televisions were incapable of properly rendering video without green, red, and/or blue lines running across the viewing screen;

(d) In violation of California Civil Code §1770(a)(7), Pioneer represented that its Televisions were o f a p articular standard, namely, t hat they would p roperly play H DTV and standard definition programming, when in fact they would not without green, red, and/or blue lines running across the viewing screen;

(e) In violation of California Civil Code §1770(a)(9), Pioneer advertised its Televisions as providing high quality video playback with the intent not to sell the Televisions as advertised; and

(f) In violation of California Civil Code §1770(a)(16), Pioneer represented that its Televisions were capable of high quality video display, when in fact they were not.

In light of the foregoing, and pursuant to Civil Code section 1782(a)(2), it is hereby demanded on behalf of our client, and all others similarly situated throughout the United States, that Pioneer Electronics (USA), Inc. and Pioneer Corp., immediately correct, repair, replace, or otherwise rectify the violations of Section 1770, through the following actions: that Pioneer cease

ROBERT I. LAX & ASSOCIATES

Page 3

and desist in making representations regarding Pioneer Elite Pro x30 Rear Projection televisions that are not in fact true, that it engage in an advertising campaign which will alert the public to its misconceptions about the televisions at issue, that it offer to refund the purchase price paid for the defective televisions, and that its develop and offer to correct the inherent defect in its televisions with reimbursement to the consumer for the diminished value, interest, costs and fees, as is detailed at length in the operative Complaint.

Should the above actions not be taken by your client, and after 30 days from the date of this letter, plaintiffs will amend their Complaint to include claims for actual damages, punitive damages and all other damages permitted under the consumer legal remedies act unless appropriate correction, repair, replacement, or other remedy is given, or agreed to be given within a reasonable time pursuant to Civil Code section 1782(b). Furthermore, please be advised that the portion of the class who are "senior citizens", or "disabled persons", and who suffered the aforementioned illegal acts and practices by Pioneer will be entitled to treble damages and/or $5,000 per person pursuant to Civil Code sections 1780(b) and 3345. Therefore, in order to avoid further litigation, it is in the best interest of all involved that Pioneer rectify the situation immediately.

Note that in order for Pioneer to avoid an action for damages, it must do all of the following pursuant to Civil Code section 1782(c):

1.      Identify, or make a reasonable effort to identify, all present and former consumer purchasers of the televisions in question;

2.      Notify all such consumers that, upon their request, Pioneer will refund their purchase price and/or make the correct repairs or replace the televisions in question or that it will provide any other remedy for its improper actions which include, but are not limited to, the cost of and repairing any associated damage, plus any diminution in value associated with the defect, plus interests, costs and fees;

3.      Develop, perform the correction, repair, replacement, or other remedy as set forth above in a reasonable amount of time; and

4.      Cease to engage in the methods, acts or practices outlined at length above.

To the extent required by and allowed by law, this letter also requests that all necessary repairs and associated damages be made and paid to members of the class for breach of Pioneer's express and implied warranties as a result of the defects outlined above.

Finally, a more detailed explanation of the problems with Pioneer's Elite Pro x30 Rear Projection Televisions are set forth in the class action complaint that has been filed in the Superior Court of the State of California, County of Los Angeles, bearing case no. BC317219. Should you not already have a copy of that complaint, kindly contact my office so that it may be provided to you forthwith.

ROBERT I. LAX & ASSOCIATES

Page 4

Thank you for your consideration of this matter.  We look forward to hearing from you.

Very truly yours,
Robert I. Lax & Associates

By:

Robert I. Lax, Esq.

Cert no. 7004 1160 000 2779 9836

cc:    State of California, Secretary of State
       Sanford P. Dumain, Esq.
       Jeff Westerman, Esq.
       Jon Herskowitz, Esq.

# EXHIBIT 2

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com™

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | 37 |
| Certified Fee | | 230 |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 267 |

Sent To _Beverason Bellamey Power Systems_
Street, Apt. No.; or PO Box No. _2265 E 226th St._
City, State, ZIP+4 _Long Beach CA 90810_

PS Form 3800, June 2002                    See Reverse for Instructions

7004 1160 0000 2779 9836

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ALLAN COHEN, ROBERT C. MORLINO, AND JAMES A. WOODS, on behalf of themselves and all others similarly situated,

**DEFENDANTS**
PIONEER ELECTRONICS (USA) INC. AND PIONEER CORP.,

(b) County of Residence of First Listed Plaintiff    Howard County, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Los Angeles County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Seth D. Rigrodsky (DSBA #3147)    Milberg Weiss Bershad & Schulman LLP
Brian D. Long (#4347)    919 North Market St., Suite 980, Wilmington, DE 19801
Tel: (302) 984-0597

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☒ 370 Other Fraud | **LABOR** | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332, and Magnuson-Moss Act, 15 U.S.C. § 2301 et seq.
Brief description of cause: Consumer fraud, product defect, and violation of warranties.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ To be determined
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE  2/23/06

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 1 1 8 _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ COPIES OF AO FORM 85.

_____2/23/06_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____Carlo J. Roca_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action