## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALLAN COHEN, ROBERT C. MORLINO
AND JAMES A. WOODS, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

  v.          C.A. No. 06-118 (KAJ)

PIONEER ELECTRONICS (USA) INC. AND
PIONEER CORP.,

    Defendants.

### ANSWER OF DEFENDANT PIONEER ELECTRONICS (USA) INC.
### TO CLASS ACTION COMPLAINT

Defendant Pioneer Electronics (USA) Inc. ("PUSA"), by its undersigned attorneys,

answers the Class Action Complaint ("Complaint") of plaintiffs Allan Cohen, Robert C. Morlino

and James A. Woods ("Plaintiffs") as follows:

### JURISDICTION AND VENUE

1.  PUSA admits the allegations contained in Paragraph 1 of the Complaint.

2.  PUSA denies the allegations contained in Paragraph 2 of the Complaint, except

admits that it is a corporation organized under the laws of Delaware.

### PRELIMINARY STATEMENT

3.  PUSA denies the allegations in Paragraph 3 of the Complaint, except admits that

Plaintiffs purport to bring this action "on their own behalf and on behalf of all others similarly

situated in the United States who have purchased Pioneer Elite Pro x30 HDTV (high definition)

projection television sets (the "Televisions")."

4.  PUSA denies the allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5.     PUSA lacks knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis denies, the allegations contained in Paragraph 5 of the Complaint.

6.     PUSA lacks knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis denies, the allegations contained in Paragraph 6 of the Complaint.

7.     PUSA lacks knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis denies, the allegations contained in Paragraph 7 of the Complaint.

8.     PUSA denies the allegations contained in Paragraph 8 of the Complaint, except admits that it maintains its principal place of business in Long Beach, California; that it is a corporation organized under the laws of Delaware; that it has distributed the models of rear-projection high-definition televisions at issue in this action ("Elite PRO-x30"); and that it sold Elite PRO-x30 to certain distributors and dealers in the United States.

9.     PUSA denies the allegations contained in Paragraph 9 of the Complaint, except admits that Pioneer Corporation ("PEC") is a Japanese corporation with its headquarters at 4-1, Meguro 1-chome, Meguro-ku, Tokyo, Japan, and admits that PEC was involved in the design of the Elite PRO-x30.

10.     PUSA denies the allegations contained in Paragraph 10 of the Complaint.

## STATEMENT OF FACTS

11.     PUSA denies the allegations contained in Paragraph 11 of the Complaint, except admits that HDTV refers to high-definition television, that HDTV generally portrays television images in high resolution with a high degree of picture detail and accuracy and that HDTV generally is more expensive than some other televisions.

12.     PUSA denies the allegations contained in Paragraph 12 of the Complaint, except admits that it has distributed the Elite PRO-x30 to distributors and dealers in the United States and refers to its related advertising and marketing materials for their content.

13.     PUSA denies the allegations contained in Paragraph 13 of the Complaint.

14.     PUSA denies the allegations contained in Paragraph 14 of the Complaint.

15.     PUSA denies the allegations contained in Paragraph 15 of the Complaint.

16.     PUSA denies the allegations contained in Paragraph 16 of the Complaint.

17.     PUSA denies the allegations contained in Paragraph 17 of the Complaint.

18.     PUSA denies the allegations contained in Paragraph 18 of the Complaint, except admits that it maintains its principal place of business in Long Beach, California; that it has distributed Elite PRO-x30; that it sold Elite PRO-x30 to certain distributors and dealers in the United States; that it distributed advertising and marketing materials relating to Elite PRO-x30; and that there is a Pioneer-operated Contact Center in Long Beach, California.

19.     PUSA denies the allegations contained in Paragraph 19 of the Complaint.

## CLASS ACTION ALLEGATIONS

20.     PUSA denies the allegations contained in Paragraph 20 of the Complaint, except admits that Plaintiffs purport to bring this action on "behalf of themselves and all other members of a class consisting of all purchasers of the Televisions in the United States (the "Class")."

21.     PUSA denies the allegations contained in Paragraph 21 of the Complaint.

22.     PUSA denies the allegations contained in Paragraph 22 of the Complaint.

23.     PUSA denies the allegations contained in Paragraph 23 of the Complaint.

24.     PUSA denies the allegations contained in Paragraph 24 of the Complaint.

25.     PUSA denies the allegations contained in Paragraph 25 of the Complaint.

26.     PUSA denies the allegations contained in Paragraph 26 of the Complaint.

27.     PUSA denies the allegations contained in Paragraph 27 of the Complaint.

## COUNT I

### Unlawful, Unfair and Fraudulent Business Acts and Practices
### in Violation of Bus. & Prof. Code § 17200, et seq.

28.     With respect to Paragraph 28 of the Complaint, PUSA repeats the allegations contained in Paragraphs 1 through 27 of this Answer as if fully set forth herein.

29.     PUSA denies the allegations contained in Paragraph 29 of the Complaint, except admits that Plaintiffs purport to bring this action on behalf of themselves individually and on behalf of the Class and the general public.

30.     PUSA denies the allegations contained in Paragraph 30 of the Complaint.

31.     PUSA denies the allegations contained in Paragraph 31 of the Complaint.

32.     PUSA denies the allegations contained in Paragraph 32 of the Complaint.

33.     PUSA denies the allegations contained in Paragraph 33 of the Complaint, except admits that Plaintiffs purport to seek certain relief.  PUSA further denies that there is any legal or factual basis for the relief sought.

## COUNT II

### Untrue and Misleading Advertising in
### Violation of Bus. & Prof. Code § 17500, et seq.

34.     With respect to Paragraph 34 of the Complaint, PUSA repeats the allegations contained in Paragraphs 1 through 33 of this Answer as if fully set forth herein.

35.     PUSA denies the allegations contained in Paragraph 35 of the Complaint, except admits that Plaintiffs purport to bring this action on behalf of themselves individually and on behalf of the Class as defined in the Complaint and the general public.

36.     The allegations contained in Paragraph 36 of the Complaint are legal conclusions as to which no responsive pleading is required.  Should a response be deemed required, PUSA denies the allegations contained in said paragraph, except refers to the content of Cal. Bus. & Prof. Code § 17500 for its content.

37.     PUSA denies the allegations contained in Paragraph 37 of the Complaint.

38.     PUSA denies the allegations contained in Paragraph 38 of the Complaint.

## COUNT III

### Unlawful Practice in Sale of Consumer Goods in Violation of Consumers Legal Remedies Act, Civil Code § 1750, et seq.

39.     With respect to Paragraph 39 of the Complaint, PUSA repeats the allegations contained in Paragraphs 1 through 38 of this Answer as if fully set forth herein.

40.     PUSA denies the allegations contained in Paragraph 40 of the Complaint, except admits that Plaintiffs purport to bring this action on behalf of themselves individually and on behalf of the Class as defined in the Complaint and the general public.

41.     PUSA lacks knowledge or information sufficient to form a belief as to the truth or falsity of, and on that basis denies, the allegations contained in Paragraph 41 of the Complaint.

42.     PUSA denies the allegations contained in Paragraph 42 of the Complaint.

43.     PUSA denies the allegations contained in Paragraph 43 of the Complaint.

44.     PUSA denies the allegations contained in Paragraph 44 of the Complaint, except admits that what appear to be copies of Plaintiffs' counsel's June 24, 2004 letter to defense counsel and the accompanying return receipt have been attached to the Complaint and refers to those documents for their content.

45.     PUSA denies the allegations contained in Paragraph 45 of the Complaint.

46.     PUSA denies the allegations contained in Paragraph 46 of the Complaint.

47.    PUSA denies the allegations contained in Paragraph 47 of the Complaint.

## COUNT IV

### Violation of the Song Beverly Consumer Warranty Act,
### Cal. Civ. Code § 1790 et seq.

48.    With respect to Paragraph 48 of the Complaint, PUSA repeats the allegations

contained in Paragraphs 1 through 47 of this Answer as if fully set forth herein.

49.    PUSA denies the allegations contained in Paragraph 49 of the Complaint, except

admits that Plaintiffs purport to bring this action on behalf of themselves individually and on

behalf of the Class as defined in the Complaint.

50.    The allegations contained in Paragraph 50 of the Complaint are legal conclusions

as to which no responsive pleading is required.  Should a response be deemed required, PUSA

denies the allegations contained in said paragraph, except refers to Cal. Civ. Code §§ 1790 et

seq. for their content.

51.    PUSA denies the allegations contained in Paragraph 51 of the Complaint.

52.    PUSA denies the allegations contained in Paragraph 52 of the Complaint, except

admits that Plaintiffs purport to seek certain relief.  PUSA further denies that there is any legal or

factual basis for the relief sought.

## COUNT V

### Violation of Magnuson-Moss Act,
### 15 U.S.C. § 2301 et seq.

53.    With respect to Paragraph 53 of the Complaint, PUSA repeats the allegations

contained in Paragraphs 1 through 52 of this Answer as if fully set forth herein.

54.    PUSA lacks knowledge or information sufficient to form a belief as to the truth or

falsity of, and on that basis denies, the allegations contained in Paragraph 54 of the Complaint.

55.    PUSA denies the allegations contained in Paragraph 55 of the Complaint, except admits that it is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

56.    PUSA admits the allegations contained in Paragraph 56 of the Complaint.

57.    PUSA denies the allegations contained in Paragraph 57 of the Complaint.

## COUNT VI

### Breach of Express Warranty

58.    With respect to Paragraph 58 of the Complaint, PUSA repeats the allegations contained in Paragraphs 1 through 57 of this Answer as if fully set forth herein.

59.    PUSA denies the allegations contained in Paragraph 59 of the Complaint, except admits that Plaintiffs purport to bring this action on behalf of themselves individually and on behalf of the Class as defined in the Complaint.

60.    PUSA denies the allegations contained in Paragraph 60 of the Complaint, except refers to its written limited warranties expressly applicable to Elite PRO-x30 for their content.

61.    PUSA denies the allegations contained in Paragraph 61 of the Complaint.

62.    PUSA denies the allegations contained in Paragraph 62 of the Complaint.

63.    PUSA denies the allegations contained in Paragraph 63 of the Complaint.

## COUNT VII

### Breach of Implied Warranty

64.    With respect to Paragraph 64 of the Complaint, PUSA repeats the allegations contained in Paragraphs 1 through 63 of this Answer as if fully set forth herein.

65.    PUSA denies the allegations contained in Paragraph 65 of the Complaint, except admits that Plaintiffs purport to bring this action on behalf of themselves individually and on behalf of the Class as defined in the Complaint.

66.    PUSA denies the allegations contained in Paragraph 66 of the Complaint.

67.    PUSA denies the allegations contained in Paragraph 67 of the Complaint.

68.    PUSA denies the allegations contained in Paragraph 68 of the Complaint.

69.    PUSA denies the allegations contained in Paragraph 69 of the Complaint.

## COUNT VIII

### Unfair and Deceptive Acts and Practices Under State Law

70.    With respect to Paragraph 70 of the Complaint, PUSA repeats the allegations contained in Paragraphs 1 through 69 of this Answer as if fully set forth herein.

71.    PUSA denies the allegations contained in Paragraph 71 of the Complaint.

72.    PUSA denies the allegations contained in Paragraph 72 of the Complaint.

73.    PUSA denies the allegations contained in Paragraph 73 of the Complaint.

74.    PUSA denies the allegations contained in Paragraph 74 of the Complaint.

75.    PUSA denies the allegations contained in Paragraph 75 of the Complaint.

76.    PUSA denies the allegations contained in Paragraph 76 of the Complaint.

77.    PUSA denies the allegations contained in Paragraph 77 of the Complaint.

78.    PUSA denies the allegations contained in Paragraph 78 of the Complaint.

79.    PUSA denies the allegations contained in Paragraph 79 of the Complaint.

80.    PUSA denies the allegations contained in Paragraph 80 of the Complaint.

81.    PUSA denies the allegations contained in Paragraph 81 of the Complaint.

82.    PUSA denies the allegations contained in Paragraph 82 of the Complaint.

83.    PUSA denies the allegations contained in Paragraph 83 of the Complaint.

84.    PUSA denies the allegations contained in Paragraph 84 of the Complaint.

85.    PUSA denies the allegations contained in Paragraph 85 of the Complaint.

86.    PUSA denies the allegations contained in Paragraph 86 of the Complaint.

87.    PUSA denies the allegations contained in Paragraph 87 of the Complaint.

88.    PUSA denies the allegations contained in Paragraph 88 of the Complaint.

89.    PUSA denies the allegations contained in Paragraph 89 of the Complaint.

90.    PUSA denies the allegations contained in Paragraph 90 of the Complaint.

91.    PUSA denies the allegations contained in Paragraph 91 of the Complaint.

92.    PUSA denies the allegations contained in Paragraph 92 of the Complaint.

93.    PUSA denies the allegations contained in Paragraph 93 of the Complaint.

94.    PUSA denies the allegations contained in Paragraph 94 of the Complaint.

95.    PUSA denies the allegations contained in Paragraph 95 of the Complaint.

96.    PUSA denies the allegations contained in Paragraph 96 of the Complaint.

97.    PUSA denies the allegations contained in Paragraph 97 of the Complaint.

98.    PUSA denies the allegations contained in Paragraph 98 of the Complaint.

99.    PUSA denies the allegations contained in Paragraph 99 of the Complaint.

100.    PUSA denies the allegations contained in Paragraph 100 of the Complaint.

101.    PUSA denies the allegations contained in Paragraph 101 of the Complaint.

102.    PUSA denies the allegations contained in Paragraph 102 of the Complaint.

103.    PUSA denies the allegations contained in Paragraph 103 of the Complaint.

104.    PUSA denies the allegations contained in Paragraph 104 of the Complaint.

105.    PUSA denies the allegations contained in Paragraph 105 of the Complaint.

106.    PUSA denies the allegations contained in Paragraph 106 of the Complaint.

107.    PUSA denies the allegations contained in Paragraph 107 of the Complaint.

108.    PUSA denies the allegations contained in Paragraph 108 of the Complaint.

109.    PUSA denies the allegations contained in Paragraph 109 of the Complaint.

110.    PUSA denies the allegations contained in Paragraph 110 of the Complaint.

111.   PUSA denies the allegations contained in Paragraph 111 of the Complaint.

112.   PUSA denies the allegations contained in Paragraph 112 of the Complaint.

113.   PUSA denies the allegations contained in Paragraph 113 of the Complaint.

114.   PUSA denies the allegations contained in Paragraph 114 of the Complaint.

115.   PUSA denies the allegations contained in Paragraph 115 of the Complaint.

116.   PUSA denies the allegations contained in Paragraph 116 of the Complaint.

117.   PUSA denies the allegations contained in Paragraph 117 of the Complaint.

## PRAYER FOR RELIEF

118.   With respect to the un-numbered "WHEREFORE" paragraph containing subparts A through G following Paragraph 117 the Complaint, PUSA denies the allegations contained therein, except admits that Plaintiffs purport to seek certain relief and denies that there is any legal or factual basis for the relief sought.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

119.   The Complaint fails to state facts sufficient to constitute a claim for relief.

## SECOND AFFIRMATIVE DEFENSE

### (Availability of Upgrade)

120.   PUSA received inquiries from some consumers concerning the random, brief and intermittent appearance of colored horizontal lines on the screens of relatively few Elite PRO-x30 units.  PUSA and its affiliates investigated the phenomenon and determined that it likely was caused by harmonic oscillation associated with small differences in operating temperatures and signal paths on the amplification circuit boards of some units.  PUSA and its affiliates designed and implemented an effective counter-measure that it publicly announced it would make available without charge to all purchasers of Elite PRO-x30s in the United States.  The

announcement preceded filing of the Complaint by more than 17 months. Since the announcement, PUSA has supplied the counter-measure without charge to all purchasers of the Elite PRO-x30s who have requested the counter-measure. These actions satisfied all obligations that PUSA had to Plaintiffs or anyone else with respect to the matters alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

(Waiver/Estoppel)

121.    Plaintiffs' claims are barred, in whole or in part, by estoppel and waiver.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

122.    Plaintiffs failed to exercise reasonable care and diligence to avoid loss and to minimize damages, if any, and may not recover for losses that could have been prevented by reasonable effort on their part. Consequently, Plaintiffs' claim should be barred or reduced by reason of their failure to mitigate.

### FIFTH AFFIRMATIVE DEFENSE

(Reasonable Basis)

123.    PUSA had a reasonable basis for any product claim it made.

### SIXTH AFFIRMATIVE DEFENSE

(Lack of Reasonable Belief)

124.    No consumer reasonably could have believed that PUSA represented or warranted that all Elite PRO-x30 units would operate perfectly at all times in all circumstances.

### SEVENTH AFFIRMATIVE DEFENSE

(Limitations on Claims)

125.    Plaintiffs' claims are barred by written warranty limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation on Remedy)

126.    The only remedy potentially available to Plaintiffs is repair or replacement in accordance with PUSA's written limited warranty.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

127.    Plaintiffs do not allege when they purchased their Elite PRO-x30s or when, if ever, they discovered any alleged problem.  Their claims may be barred, in whole or in part, by applicable statutes of limitations.  Claims of other putative class members may also be barred by applicable statutes of limitations.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to State a Class Claim)

128.    The Complaint fails to state facts sufficient to permit this action to proceed as a class action.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Not Suitable for Class Action)

129.    The claims that Plaintiffs assert on behalf of themselves are not typical of the claims that they seeks to assert on behalf of putative class members.  The defenses to Plaintiffs' claims available to PUSA are not typical of the defenses available to PUSA with respect to the claims that Plaintiffs seek to assert on behalf of putative class members.  This action is not manageable as a class action and is not suitable for class-action treatment.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Injury)

130.    Plaintiffs have not incurred any cognizable injury that would entitle them to relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Uniform Commercial Code)

131.    Pioneer asserts all defenses available under the Uniform Commercial Code as enacted and interpreted in each of the fifty states.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Lack of Privity)

132.    Plaintiffs' claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq.*, and/or any other claim for breach of implied or express warranty, are barred by Plaintiffs' failure to provide timely notice of any alleged breach and/or by lack of privity and/or because the alleged warranties were disclaimed.

## FIFTEENTH AFFIRMATIVE DEFENSE

(California Unfair Competition Law)

133.    PUSA asserts all defenses available under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq. and 17500 et seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Consumers Legal Remedies Act)

134.    PUSA asserts all defenses available under the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Song Beverly Consumer Warranty Act)

135.    PUSA asserts all defenses available under the Song Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 et seq.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Alaska Unlawful Acts and Practices Act)

136.    PUSA asserts all defenses available under the Alaska Unlawful Acts and Practices Act, Alaska Stat. §§ 45.50.471 et seq.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Arizona Consumer Fraud Act)

137.    PUSA asserts all defenses available under the Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1522 et seq.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Arkansas Deceptive Trade Practices Act)

138.    PUSA asserts all defenses available under the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-101 et seq.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (West Virginia Consumer Credit and Protection Act)

139.    PUSA asserts all defenses available under the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-6-101 et seq.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Colorado Consumer Protection Act)

140.    PUSA asserts all defenses available under the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-4-405 et seq.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Connecticut Unfair Trade Practices Act)

141.    PUSA asserts all defenses available under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42-110b et seq.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Delaware Uniform Deceptive Trade Practices Act)

142.    PUSA asserts all defenses available under the Delaware Uniform Deceptive Trade Practices Act, Del. Code Ann. tit. 6, §§ 2511 et seq.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(District of Columbia Consumer Protection Procedures Act)

143.    PUSA asserts all defenses available under the District of Columbia Consumer Protection Procedures Act, D.C. Code Ann. §§ 28-3901 et seq.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Florida Deceptive and Unfair Trade Practices Act)

144.    PUSA asserts all defenses available under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201 et seq.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Georgia Fair Business Practices Act)

145.    PUSA asserts all defenses available under the Georgia Fair Business Practices Act, Ga. Code Ann. §§ 10-1-392 et seq.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Hawaii Deceptive Trade Practices Act)

146.    PUSA asserts all defenses available under the Hawaii Deceptive Trade Practices Act, Haw. Rev. Stat. §§ 480 et seq.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Idaho Consumer Protection Act)

147.    PUSA asserts all defenses available under the Idaho Consumer Protection Act, Idaho Code §§ 48-601 et seq.

## THIRTIETH AFFIRMATIVE DEFENSE

(Illinois Consumer Fraud and Deceptive Business Practices Act)

148.    PUSA asserts all defenses available under the Illinois Consumer Fraud and Deceptive Business Practices, 815 Ill. Comp. Stat. §§ 505 et seq.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Kansas Consumer Protection Act)

149.    PUSA asserts all defenses available under the Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50-623 et seq.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Kentucky Consumer Protection Act)

150.    PUSA asserts all defenses available under the Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110 et seq.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Louisiana Unfair Trade Practices and Consumer Protection Act)

151.    PUSA asserts all defenses available under the Louisiana Unfair Trade Practices and Consumer Protection Act, La. Rev. Stat. Ann. §§ 51:1401 et seq.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Maine Unfair Trade Practices Act)

152.    PUSA asserts all defenses available under the Maine Unfair Trade Practices Act, Me. Rev. Stat. Ann. tit. 5, §§ 207 et seq.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Maryland Consumer Protection Act)

153.    PUSA asserts all defenses available under the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 et seq.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Massachusetts Consumer and Business Protection Act)

154.     PUSA asserts all defenses available under the Massachusetts Consumer and

Business Protection Act, Mass. Gen. Laws ch. 93A, §§ 2 et seq.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Michigan Consumer Protection Act)

155.     PUSA asserts all defenses available under the Michigan Consumer Protection

Act, Mich. Stat. Ann. §§ 445.901 et seq.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Minnesota Deceptive Trade Practices Act)

156.     PUSA asserts all defenses available under the Minnesota Deceptive Trade

Practices Act, Minn. Stat. §§ 8.31 et seq.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Missouri Merchandising Practices Act)

157.     PUSA asserts all defenses available under the Missouri Merchandising Practices

Act, Mo. Ann. Stat. §§ 407.010 et seq.

## FORTIETH AFFIRMATIVE DEFENSE

(Montana Unfair Trade Practices and Consumer Protection Act)

158.     PUSA asserts all defenses available under the Montana Unfair Trade Practices

and Consumer Protection Act, Mont. Code Ann. §§ 30-14-101 et seq.

## FORTY-FIRST AFFIRMATIVE DEFENSE

(Nebraska Uniform Deceptive Trade Practices Act)

159.     PUSA asserts all defenses available under the Nebraska Uniform Deceptive Trade

Practices Act, Neb. Rev. Stat. §§ 59-1601 et seq.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Nevada Deceptive Trade Practices Act)

160.    PUSA asserts all defenses available under the Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. §§ 598.0903 et seq.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(New Hampshire Consumer Protection Act)

161.    PUSA asserts all defenses available under the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. §§ 358-A:1 et seq.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(New Jersey Consumer Fraud Act)

162.    PUSA asserts all defenses available under the New Jersey Consumer Fraud Act, N.J. Rev. Stat. Ann. §§ 56:8-1 et seq.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(New Mexico Unfair Practices Act)

163.    PUSA asserts all defenses available under the New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-1 et seq.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

(New York Consumer Protection Act)

164.    PUSA asserts all defenses available under the New York Consumer Protection Act, N.Y. Gen. Bus. Law §§ 349 et seq.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

(North Carolina Unfair and Deceptive Trade Practices Act)

165.    PUSA asserts all defenses available under the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 et seq.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

(North Dakota Consumer Fraud Act)

166.    PUSA asserts all defenses available under the North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51-15-01 et seq.

## FORTY-NINTH AFFIRMATIVE DEFENSE

(Ohio Consumer Sales Practices Act)

167.    PUSA asserts all defenses available under the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.01 et seq.

## FIFTIETH AFFIRMATIVE DEFENSE

(Oklahoma Consumer Protection Act)

168.    PUSA asserts all defenses available under the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, §§ 751 et seq.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

(Oregon Unlawful Trade Practices Act)

169.    PUSA asserts all defenses available under the Oregon Unlawful Trade Practices Act, Or. Rev. Stat. §§ 646.605 et seq.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

(Pennsylvania Unfair Trade Practices and Consumer Protection Law)

170.    PUSA asserts all defenses available under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Consol. Stat. §§ 201-1 et seq.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

(Rhode Island Unfair Trade Practice and Consumer Protection Act)

171.    PUSA asserts all defenses available under the Rhode Island Unfair Trade Practice and Consumer Protection Act, R.I. Gen. Laws §§ 6-13.1-1 et seq.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

(South Carolina Unfair Trade Practices Act)

172.    PUSA asserts all defenses available under the South Carolina Unfair Trade

Practices Act, S.C. Code Ann. §§ 39-5-10 et seq.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

(South Dakota Deceptive Trade Practices and Consumer Protection Act)

173.    PUSA asserts all defenses available under the South Dakota Deceptive Trade

Practices and Consumer Protection Act, S.D. Codified Laws §§ 37-24-1 et seq.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

(Tennessee Consumer Protection Act)

174.    PUSA asserts all defenses available under the Tennessee Consumer Protection

Act, Tenn. Code Ann. §§ 47-18-101 et seq.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

(Texas Deceptive Trade Practices Act)

175.    PUSA asserts all defenses available under the Texas Deceptive Trade Practices

Act, Tex. Bus. & Com. Code Ann. §§ 17.41 et seq.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

(Utah Consumer Sales Practices Act)

176.    PUSA asserts all defenses available under the Utah Consumer Sales Practices Act,

Utah Code Ann. §§ 13-11-1 et seq.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

(Vermont Consumer Fraud Act)

177.    PUSA asserts all defenses available under the Vermont Consumer Fraud Act, Vt.

Stat. Ann. tit. 9, §§ 2451 et seq.

## SIXTIETH AFFIRMATIVE DEFENSE

(Virginia Consumer Protection Act)

178.    PUSA asserts all defenses available under the Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-196 et seq.

## SIXTY-FIRST AFFIRMATIVE DEFENSE

(Washington Consumer Protection Act)

179.    PUSA asserts all defenses available under the Washington Consumer Protection Act, Wash. Rev. Code §§ 19.86.010 et seq.

WHEREFORE, PUSA respectfully demands judgment dismissing the Complaint with prejudice and such other and further relief that the Court may deem just and proper.

Dated:  March 16, 2006

PRICKETT, JONES & ELLIOTT, P.A.

By:  _____
Elizabeth M. McGeever (DE Bar #2057)
J. Clayton Athey (DE Bar #4378)
1310 King Street
Wilmington, Delaware 19801
Telephone:  (302) 888-6510
Facsimile:  (302) 658-8111
emmcgeever@prickett.com
jcathey@prickett.com
*Attorneys for PUSA*

Of Counsel:

William. T. Bisset
Charles Avrith
David A. Lombardero
HUGHES HUBBARD & REED LLP
 350 South Grand Avenue, 36th Floor
Los Angeles, California  90071-3442
Telephone:  (213) 613-2800

## CERTIFICATE OF SERVICE

I, J. Clayton Athey, hereby certify that on this 16th day of March, 2006, I caused a copy

of the foregoing ANSWER OF DEFENDANT PIONEER ELECTRONICS (USA) INC. TO

CLASS ACTION COMPLAINT to be served on counsel for the parties via e-file:

        Seth D. Rigrodsky, Esquire
        Milberg Weiss Bershad & Schulman LLP
        919 N. Market Street, Suite 980
        Wilmington, DE 19801

        J. Clayton Athey (DE Bar #4378)