## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALLAN COHEN, ROBERT C. MORLINO,　　:
and JAMES A. WOODS, on behalf of　　　:
themselves and all others similarly situated,　:
　　　　　　　　　　　　　　　　　　　　:
　　　　Plaintiffs,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　v.　　　　　　　　　　　　　　　　:　　　C.A. No. 06-118 (KAJ)
　　　　　　　　　　　　　　　　　　　　:
PIONEER ELECTRONICS (USA) INC.　　　:
and PIONEER CORP.,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　Defendants.　　　　　　　　　　　:

### STIPULATION AND ORDER STAYING ACTION

WHEREAS, on June 8, 2006, the Court in the case captioned Pioneer Elite Pro-x 30 Cases, Case No. JCCP No. 4390, pending before the Superior Court of the State of California for the County of Los Angeles (the "California Court") entered an Order Granting Conditional Certification of Nationwide Settlement Class, Preliminary Approval of Proposed Settlement and Approval of Class Notice (the "Conditional Settlement Certification") (attached hereto as Exhibit A);

WHEREAS, the Conditional Settlement Certification grants preliminary approval of a nationwide class settlement agreement by and among the parties to this action that the parties anticipate will resolve any and all claims that form the basis of this action (the "Settlement"); and

WHEREAS, the parties anticipate that the California Court will grant final approval of the Settlement on or about July 31, 2006;

NOW, THEREFORE, the parties in the above-captioned action, Allan Cohen, Robert C. Morlino, James A. Woods, Pioneer Electronics (USA) Inc. ("Pioneer Electronics") and Pioneer Corporation ("Pioneer Corp."), by and through their undersigned counsel, subject to the approval of the Court, hereby stipulate and agree as follows:

1.    All proceedings in this case shall be and are stayed indefinitely pending the final approval of the Settlement by the California Court.

2.    The stay of these proceedings shall postpone indefinitely the time by which any party must file a responsive pleading, including defendant Pioneer Corp.'s time to file a response to the Complaint in this action, otherwise due on or about June 25, 2006.

3.    Upon such time as the California Court enters an Order granting final approval of the Settlement, the parties shall cause to be filed with the Court a signed proposed Stipulation and Order of Dismissal, dismissing this action with prejudice.

MILBERG WEISS BERSHAD &
SCHULMAN LLP

_Brian D. Long_

Brian D. Long (#4347)
blong@milbergweiss.com
919 North Market Street, Suite 980
Wilmington, DE 19801
(302) 984-0597
*Attorneys for Plaintiffs*

PRICKETT, JONES & ELLIOTT, P.A.

_Elizabeth M. McGeever_

Elizabeth M. McGeever (#2057)
emmcgeever@prickett.com
J. Clayton Athey (#4378)
jcathey@prickett.com
1310 King Street
Wilmington, DE 19801
(302) 888-6500
*Attorneys for Defendants*

Dated: June 15, 2006

SO ORDERED this ___ day of _____ 2006.

_____

U.S.D.J

# EXHIBIT A

HUGHES HUBBARD & REED LLP
WILLIAM T. BISSET (State Bar No. 60591)
CHARLES AVRITH (State Bar No. 96804)
DAVID A. LOMBARDERO, (State Bar No. 71715)
ALICIA D. MEW (State Bar No. 190943)
350 South Grand Avenue, 36th Floor
Los Angeles, California 90071-3442
Telephone: (213) 613-2800
Facsimile: (213) 613-2950

**ORIGINAL FILED**

JUN 0 8 2006

LOS ANGELES
SUPERIOR COURT

Attorneys for Defendants

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| PIONEER ELITE PRO-x 30 CASES | Case No. JCCP No. 4390 |
|  | Class Action Assigned to the Honorable Victoria G. Chaney |
|  | [PROPOSED] ORDER GRANTING CONDITIONAL CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS, PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND APPROVAL OF CLASS NOTICE |
|  | Date:  June 8, 2006 Time:  8:30 a.m. Dep't: 324 |

The Court having reviewed the Settlement Agreement (a copy of which is attached hereto as Exhibit 1) entered into by the parties following a series of mandatory settlement conferences conducted by the Court and the Court having reviewed the parties' proposed form of notice to class members (a copy of which is attached as Exhibit D to the Settlement Agreement) (the "Notice"),

IT IS HEREBY ORDERED:

1.     The Court grants preliminary approval of the Settlement Agreement.  The Court preliminarily finds that the terms and conditions of the Settlement Agreement are fair, reasonable and adequate, pursuant to the provisions of section 382 of the California Code of Civil Procedure

-1-

and Federal Rule of Civil Procedure 23, as approved for use in California by the California

Supreme Court in <u>Vasquez v. Superior Court</u>, 4 Cal. 3d 800, 821 (1971).

2.    The Court preliminarily finds that the proposed settlement is the product of

serious, informed, non-collusive negotiations conducted at arms' length by the parties.  In

making this preliminary finding, the Court considered Plaintiffs' estimate of the potential

recovery, Defendant's defenses and potential liability, the amounts and kind of benefits available

in the settlement, and the fact that a settlement represents a compromise of the parties' respective

positions rather than a finding of liability at trial.  The Court further preliminarily finds that the

terms and conditions of the Settlement Agreement have no obvious deficiencies and do not

improperly grant preferential treatment to any individual class member.  Accordingly, the Court

preliminarily finds that the Settlement Agreement was entered into in good faith, pursuant to

section 877.6 of the California Code of Civil Procedure.

3.    The Court hereby conditionally certifies a settlement class consisting of:

> All persons in the United States who purchased or acquired any of
> the following models of Pioneer Elite high-definition rear-
> projection televisions:  PRO-530-HD, PRO-530-HDI,
> PRO-630-HD, PRO-730-HD and PRO-730-HDI.

4.    The Court appoints Sanford P. Dumain, Jeff S. Westerman and Sabrina S. Kim of

Milberg Weiss Bershad & Schulman LLP, Robert I. Lax of Robert I. Lax and Associates, Jon

Herskowitz of The Herskowitz Law Firm, Harold J. Tomin of Law Offices of Harold J. Tomin

and Anton H. Handal and Pamela C. Chalk of Handal & Associates as Class Counsel and Dean

Antonakis, Kevin Bennight, Allan Cohen, Brian Domian, Jonathan Hartt, Terry Hollis, William

Messick, Robert Molino, Mark Risi and James Woods as Class Representatives.

5.    The Court approves the Notice.  The Court finds that the Notice constitutes the

best notice practicable under the circumstances and is in full compliance with the laws of the

State of California, the Federal Rules of Civil Procedure to the extent applicable, the United

States Constitution and the requirements of due process.  The Court further finds that the Notice

fully and accurately informs the class members of all material elements of the Settlement

Agreement, of the class members' right to opt out of the class and of the class members' right

1 and opportunity to object to the settlement. By June 23, 2006, Defendants shall have caused the

2 Notice to be distributed and published in accordance with paragraph 10 of the Settlement

3 Agreement and by July 7, 2006, Defendants shall serve and file a declaration attesting to

4 completion of such distribution and publication.

5       6.    The Court orders that class members requesting exclusion from the settlement

6 class must mail written notice to Class Counsel of their unconditional election to opt out of the

7 class, which notice must be postmarked no later than July 10, 2006, and must be received by

8 Class Counsel no later than July 17, 2006. Any class member who submits a valid and timely

9 request for exclusion shall no longer be a member of the class and shall be barred from

10 participating in the settlement or objecting to any of its terms. If more than 5% of all class

11 members elect to opt out of the class, Defendants shall have the option to terminate the

12 settlement, in which case the settlement class shall be decertified and the parties shall be returned

13 to the positions they would have occupied in this action if there had been no settlement.

14       7.    The Court hereby approves the claim forms attached as Exhibits A through C to

15 the Settlement Agreement for use in administering the settlement. All claim forms must be

16 completed and submitted to Pioneer c/o Parago, Inc. by the deadlines set forth in paragraphs 3, 4

17 and 5, respectively, of the Settlement Agreement. Claim forms postmarked after such times shall

18 be deemed untimely, and such claims shall be denied.

19       8.    The Court orders that each class member who has not opted out of the class shall

20 be given a full opportunity to object to the proposed settlement and to participate at a final

21 approval and fairness hearing, which the Court sets to commence on July 31, 2006, at 9:30 a.m.

22 in Department 324 of the Los Angeles County Superior Court. Any class member seeking to

23 object to the settlement must file such objection in writing with the Court, and must serve such

24 objection on Class Counsel and counsel for Defendants, no later than July 17, 2006. Any class

25 member who fails to file and serve a timely written objection shall be foreclosed from objecting

26

27

28

-3-

to the settlement. Responses to written objections filed by class members shall be served and filed at least seven days before the final approval and fairness hearing.

Dated: June 8, 2006

_____
Victoria Gerrard Chaney
Judge of the Superior Court

Approved as to form:

HUGHES HUBBARD & REED
WILLIAM T. BISSET
CHARLES AVRITH
DAVID A. LOMBARDERO
ALICIA D. MEW

By _____
        William T. Bisset
     Attorneys for Defendants

Approved as to form:

MILBERG WEISS BERSHAD &
   SCHULMAN LLP
SANFORD P. DUMAIN
JEFF S. WESTERMAN
LEE A. WEISS
SETH D. RIGRODSKY
BRIAN D. LONG
JENNIFER S. CZEISLER
SABRINA S. KIM

ROBERT I. LAX & ASSOCIATES
ROBERT I. LAX

THE HERSKOWITZ LAW FIRM
JON HERSKOWITZ
JOHN DAVIS

LAW OFFICES OF HAROLD J. TOMIN
HAROLD J. TOMIN

HANDAL & ASSOCIATES
ANTON H. HANDAL
PAMELA C. CHALK

By _____
        Jeff S. Westerman
     Plaintiffs' and Class Counsel

-4-

to the settlement. Responses to written objections filed by class members shall be served and filed at least seven days before the final approval and fairness hearing.

Dated: June ___, 2006

_____
Judge of the Superior Court

Approved as to form:

HUGHES HUBBARD & REED
WILLIAM T. BISSET
CHARLES AVRITH
DAVID A. LOMBARDERO
ALICIA D. MEW

By_____
    William T. Bisset
    Attorneys for Defendants

Approved as to form:

MILBERG WEISS BERSHAD &
  SCHULMAN LLP
SANFORD P. DUMAIN
JEFF S. WESTERMAN
LEE A. WEISS
SETH D. RIGRODSKY
BRIAN D. LONG
JENNIFER S. CZEISLER
SABRINA S. KIM

ROBERT I. LAX & ASSOCIATES
ROBERT I. LAX

THE HERSKOWITZ LAW FIRM
JON HERSKOWITZ
JOHN DAVIS

LAW OFFICES OF HAROLD J. TOMIN
HAROLD J. TOMIN

HANDAL & ASSOCIATES
ANTON H. HANDAL
PAMELA C. CHALK

By _____
    Jeff S. Westerman
    Plaintiffs' and Class Counsel

[PROPOSED] ORDER GRANTING CONDITIONAL CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS,
PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AND APPROVAL OF CLASS NOTICE

LA Order Granting Cond Cert of Nationwide Settlement Class

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is made, subject to the final approval of the Court, as of May 12, 2006, by and among plaintiffs Dean Antonakis, Kevin Bennight, Allan Cohen, Brian Domian, Jonathan Hartt, Richard Heimlich, Terry Hollis, William Messick, Robert Morlino, Mark Risi and James Woods (collectively, "Class Representatives"), on the one hand, and Pioneer Electronics (USA) Inc., Pioneer North America, Inc., and Pioneer Corporation (collectively, "Pioneer"), on the other hand.

## RECITALS

A.     Class Representatives commenced putative class action lawsuits against Pioneer relating to Pioneer Elite high-definition rear-projection televisions with Model Nos. PRO-530 HD, PRO-530 HDI, PRO-630 HD, PRO-730 HD and PRO-730 HDI (collectively, "Elite PRO-x30 Televisions") as follows (collectively, "the Actions"):

1.     In re Pioneer Elite PRO-x30 Cases (Case No. JCCP 4390) (the "Lead Action") pending in the Superior Court of the State of California for the County of Los Angeles and consisting of the following cases that have been consolidated for all purposes:

(a)     Domian v. Pioneer Electronics (USA) Inc. (Case No. BC317219), filed on June 17, 2004, in the Superior Court of the State of California for the County of Los Angeles;

(b)     Hartt v. Pioneer North America, Inc. and Pioneer Electronics (USA) Inc. (Case No. GIC835322), filed on September 3, 2004, in the Superior Court of the State of California for the County of San Diego;

(c)     Cohen v. Pioneer Electronics (USA) Inc. (Case No. BC322248), filed on September 30, 2004, in the Superior Court of the State of California for the County of Los Angeles;

(d)     Woods v. Pioneer Electronics (USA) Inc. (Case No. BC322651), filed on October 7, 2004, in the Superior Court of the State of California for the County of Los Angeles;

(e)     Messick v. Pioneer Electronics (USA) Inc. (Case No. BC323643), filed on October 27, 2004, in the Superior Court of the State of California for the County of Los Angeles;

(f)     Morlino v. Pioneer Electronics (USA) Inc. (Case No. BC324277) filed on November 9, 2004, in the Superior

Court of the State of California for the County of Los
Angeles; and

(g)     Antonakis v. Pioneer Electronics (USA) Inc. (Case
No. BC327710), filed on January 24, 2005, in the Superior
Court of the State of California for the County of Los
Angeles.

2.      Risi v. Pioneer Electronics (USA) Inc. (Case No. 2004 CA
008853), filed on September 17, 2004, in the Circuit Court of the Fifteenth
Judicial Circuit in and for Palm Beach County, Florida);

3.      Heimlich v. Pioneer Electronics (USA) Inc. (Dkt. No. L-7911-04),
filed on September 30, 2004, in the Superior Court of New Jersey, Essex
County;

4.      Bennight v. Pioneer Electronics (USA) Inc. (Case No.
GN403303), filed on October 5, 2004, in the District Court of Travis
County, Texas, 53rd Judicial Circuit; and

5.      Cohen v. Pioneer Electronics (USA) Inc. (Case No. C.A. No. 06-
118 (KAJ)), filed on February 23, 2006, in the United States District Court
for the District of Delaware.

B.      Pioneer denies that it has violated any laws, contracts or statutes, or occasioned

any damages to purchasers, in connection with the advertising, marketing, manufacturing, design

and/or sale of the Elite PRO-x30 Televisions.

C.      On June 8, 2006 (the "Preliminary Approval Date"), the Court having jurisdiction

over the Lead Action ("the Court") provisionally certified a nationwide settlement class of all

United States purchasers of the Elite PRO-x30 Televisions (collectively, "Class Members"),

which class shall be decertified (a) if the Court does not approve the parties' proposed settlement

in all respects following notice to the class and an opportunity to be heard or (b) at Pioneer's

option, if more than 5% of all Class Members object to the settlement or elect to opt out of the

class.  Class Members may opt out of the class by mailing written notice to Class Counsel of

their unconditional election to opt out of the class, which notice must be postmarked by July 10,

2006, and received by July 17, 2006.  Class Members who opt out of the class are not entitled to

participate in the settlement in any way.  The hearing before the Court on the parties' request for

final approval of the proposed settlement shall be at 9:00 a.m. on July 31, 2006 (the "Final

Approval Date").  If the settlement class is decertified in accordance with this paragraph, the

parties shall be returned to the positions they would have had in the Actions if there had been no settlement.

TERMS OF SETTLEMENT

1.      <u>Free Kit 2 Installation</u>.  Without charge to Class Members who do not opt out of the class ("Participating Class Members"), Pioneer will supply, and provide in-home installation of, replacement video amplification circuits ("Kit 2") for any Participating Class Member who has not previously received a Kit 2 or who has a Kit 2 that is not functioning properly and who, within 180 days after the Final Approval Date, contacts Pioneer (a) by telephone at 1-800-421-1404, (b) on-line at its website (www.pioneerelectronics.com) using the "Contact Us" page under the "Service & Support" tab or (c) by letter at Customer Service Department, Pioneer Electronics Service, Inc., P.O. Box 1760, Long Beach, California 90801, to request that Pioneer provide a Kit 2.

2.      <u>Extended Kit 2 Limited Warranty</u>.  Solely with respect to Kit 2, Pioneer will extend its existing Elite PRO-x30 Television written limited warranty so that it will provide a total of two years of coverage after installation of the Kit 2, whether such installation was before or after the Final Approval Date.  All other limitations in Pioneer's written limited warranty applicable to Elite PRO-x30 Televisions will continue to apply without change through this extended warranty period.  During this extended warranty period, Pioneer, at its option, will repair or replace the Kit 2 without charge in the event that there is a defect in the Kit 2 or an error in its installation in an Elite PRO-x30 Television by Pioneer or a Pioneer authorized service company listed on Pioneer's website (www.pioneerelectronics.com).

3.      <u>Reimbursement Of Certain Payments To Pioneer Or Pioneer Authorized Service Companies</u>.  Pioneer will reimburse each Participating Class Member for his, her or its actual out-of-pocket payment, if any, made before May 12, 2006, for provision and installation by Pioneer or a Pioneer authorized service company listed on Pioneer's website of a Kit 2, its predecessor ("Kit 1") or their respective component parts or for other work performed by Pioneer or a Pioneer authorized service company listed on Pioneer's website specifically to eliminate colored lines that appeared inappropriately on the screen of an Elite PRO-x30 Television.  To

-3-

qualify, all requests for reimbursement must be submitted to Pioneer, c/o Parago, Inc.,

Administration No. 06-50460 (Elite PRO-x30 TV Claims), P.O. Box 540032, El Paso, Texas

88554-0032, by mail, postmarked within 90 days after the Final Approval Date, and must

include all of the following:  (i) a completed claim form, in the form attached hereto as

Exhibit A, signed under penalty of perjury; (ii) an original invoice or statement from Pioneer or a

Pioneer authorized service company listed on Pioneer's website showing on its face that it was

for provision and installation of Kit 1, Kit 2 or their component parts or for other work to

eliminate colored lines that appeared inappropriately on the screen of an Elite PRO-x30

Television; and (iii) proof of payment by a Participating Class Member (or, in lieu of an original,

a copy of the original proof of payment if no other claim with respect to the same service is

submitted by anyone) of that invoice or statement.

      4.    <u>Settlement Voucher</u>.

      (a)    After completing all of the steps detailed in subparagraphs 4(b) and 4(c)

below, each Participating Class Member shall be entitled to a settlement voucher redeemable for

a 22% cash rebate from Pioneer on such Participating Class Member's purchase, after the Final

Approval Date, from an authorized Pioneer dealer listed on Pioneer's website, of one but only

one Pioneer home electronics product (specifically, a DVD player or recorder, Blu-ray player or

recorder, CD player, cassette player, home-theater-in-a-box system, speaker or headphone,

turntable, A/V receiver or amplifier, or plasma television designed for use at home) having a

sales price of more than $200, exclusive of taxes, delivery, installation, extended warranty or

other charges; provided, however, that in no event shall the cash rebate exceed $800 even if the

amount of the sales price exceeds $3,636.37.

      (b)    To obtain a settlement voucher to be used for a cash rebate on a future

purchase, a Participating Class Member must submit to Pioneer, c/o Parago, Inc., Administration

No. 06-50458 (Elite PRO-x30 TV Claims), P.O. Box 540032, El Paso, Texas  88554-0032, by

mail, postmarked within 180 days after the Final Approval Date, the following:  (i) a completed

claim form, in the form attached hereto as Exhibit B, signed under penalty of perjury; and (ii) the

original sales receipt (or, in lieu of an original, a copy of the sales receipt or store invoice

showing the retailer, the model of Elite PRO-x30 Television sold and the date and amount of the sale if no other claim with respect to the same purchase is submitted by anyone) for the purchase of an Elite PRO-x30 Television on or before May 12, 2006. Settlement vouchers are non-transferable and usable only once and not in combination with any other settlement voucher. Pioneer will send settlement vouchers to Participating Class Members within 45 days of receipt of claims that comply with this subparagraph.

(c)     To redeem a settlement voucher for a cash rebate, a Class Member must submit to Pioneer, c/o Parago, Inc., Administration No. 06-50459 (Elite PRO-x30 TV Claims), P.O. Box 540032, El Paso, Texas 88554-0032, by mail, postmarked on or before March 31, 2007, the following: (i) a completed settlement voucher and (ii) an original sales receipt (or, in lieu of an original, a copy of the sales receipt or store invoice showing the retailer, the product sold and the date and amount of the sale if no other claim with respect to the same purchase is submitted by anyone) for the purchase, made after the Preliminary Approval Date, of a Pioneer home electronics product listed in subparagraph 4(a) from an authorized Pioneer dealer listed on Pioneer's website.

5.     ISF Calibration Reimbursement.

(a)     After a Participating Class Member has completed all of the steps detailed in this subparagraph and subject to subparagraph 5(b) below, Pioneer will reimburse him/her/it up to a maximum of $500 per Participating Class Member for his/her/its payment before the Preliminary Approval Date of charges for one or more ISF Calibrations on his/her/its Elite PRO-x30 Television if but only if performed after installation of Kit 1 or Kit 2 and if but only if the Participating Class Member had also paid for an ISF Calibration before installation of Kit 1 or Kit 2. A Participating Class Member seeking such reimbursement must submit to Pioneer, c/o Parago, Inc., Administration No. 06-50462 (Pioneer x30 TV Claims), P.O. Box 540032, El Paso, Texas 88554-0032, by mail, postmarked within 90 days after the Final Approval Date, the following: (i) a completed claim form, in the form attached hereto as Exhibit C, signed under penalty of perjury, and (ii) an original invoice or statement and proof of payment (or, in lieu of an original, a copy if no other claim with respect to the same ISF Calibration is submitted by

anyone) showing that the Participating Class Member (a) obtained and paid for an ISF Calibration on his/her/its Elite PRO-x30 Television; (b) after such payment for ISF Calibration, had Kit 1 or Kit 2 installed in his/her/its Elite PRO-x30 Television; and (c) after installation of Kit 1 or Kit 2 but before the Preliminary Approval Date, obtained and paid for one or more additional ISF Calibrations.

      (b)    The maximum total reimbursement to be paid by Pioneer to all Participating Class Members submitting claims pursuant to subparagraph (a) of this paragraph shall be $1 million and, if more than that total amount is claimed, payments to all individual Participating Class Members submitting claims shall be reduced pro rata by the percentage by which the total amount claimed by all Participating Class Members exceeds $1 million.

      6.    <u>Notice Of Rejection Of Claim</u>.

      (a)    In the event that a Participating Claim Member submits a claim under paragraph 3, 4 and/or 5 above that fails to comply with the stated requirements of the paragraph pursuant to which the claim was submitted, Parago, Inc. shall notify the Participating Class Member in writing that the claim has been rejected and shall state the reasons for the rejection. Subject to the deadlines set forth in paragraphs 3, 4(b), 4(c) and 5(a) above, a Participating Class Member shall have 30 days from the date of the rejection notice to resubmit a claim that complies with the stated requirements of the paragraph pursuant to which the claim was submitted. In the event that a resubmitted claim has been rejected, Parago, Inc. shall so notify the Participating Class Member in writing and shall state the reasons for the rejection. Participating Class Members who have questions may telephone Parago, Inc. at (800) 871-0878.

      (b)    Parago, Inc. shall send a monthly report to Pioneer and to Class Counsel, c/o Robert I. Lax & Associates, 535 Fifth Avenue, 21st Floor, New York, New York 10017, rlax@lax-law.com, showing all claims that have been rejected. By April 30, 2007, Class Counsel may file a motion with the Court in the Lead Action for a determination as to whether any unresolved, resubmitted claims comply with the stated requirements of the paragraphs pursuant to which the resubmitted claims were submitted and therefore should be accepted as valid.

7.   <u>Release Of Class Claims</u>.

(a)   If the Court grants the parties' request for final approval of the proposed
settlement, all Actions shall be dismissed in their entirety with prejudice and Pioneer and each of
its present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated
entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures,
employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees
and/or representatives (collectively, the "Released Parties"), shall be released and forever
discharged by the Participating Class Representatives, for themselves and as the representatives
of each Participating Class Member, and each Participating Class Member on behalf of himself,
herself or itself and their respective present and former, direct and indirect, subsidiaries, parents,
affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners,
partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers,
indemnitors, indemnitees, attorneys, transferees, and/or representatives, from all claims, causes
of action, rights, duties, requests, suits, administrative proceedings, damages, costs or other
demands that have been, might have been, are now, or could have been brought arising from or
related to (a) any advertising, marketing, statement, omission or other business practice with
respect to any Elite PRO-x30 Television, including with respect to any Pioneer warranty, or
(b) any issue with any Elite PRO-x30 Television relating to video quality, the appearance of any
colored line on the screen or any loss of power, whether in law or equity, whether seeking
damages or any other relief (including attorneys' fees), of any kind or character, known or
unknown, that are now recognized by law or that may be created or recognized in the future by
statute, regulation, judicial decision, or in any other manner, based upon any federal or state
statutory or common law, including, without limitation, claims sounding in tort, contract, and the
consumer protection laws of the United States or of any state or other jurisdiction within the
United States, as well as under the unfair or deceptive trade practices, trade regulation, consumer
fraud, and false advertising law of the United States or any state or other jurisdiction within the
United States, including but not limited to any claims relating to the alleged diminished value of
or need to replace a Elite PRO-x30 Television but not including any claim for bodily (but not

emotional) injury (the "Released Claims"); provided, however, that notwithstanding this release, Participating Class Members will retain their rights under this Settlement Agreement and whatever rights, if any, they may have in accordance with, but subject to all time and other limitations in, Pioneer's written limited warranties and this Settlement Agreement.

(b)    Class Representatives are aware of and, on behalf of themselves and all Participating Class Members, hereby waive to the fullest extent permitted by law the benefit, with respect to Elite PRO-x30 Televisions, of California Civil Code § 1542, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

and any similar statute, rule or law of any other jurisdiction.

(c)    If the Court grants the parties' request for final approval of the proposed settlement, in consideration of this Settlement Agreement and the benefits extended to the class the Class Representatives covenant and agree, and each Participating Class Member shall be deemed to have covenanted and agreed, that he, she or it will forever refrain from instituting, maintaining or proceeding with any action against any Released Party with respect to any Released Claim, including Released Claims known and unknown, suspected and unsuspected, that he, she or it has or hereafter may have.  This Settlement Agreement may be pleaded by the Released Parties as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted, asserting any Released Claim.

8.    <u>Release Of Pioneer Claims</u>.  If the Court grants the parties' request for final approval of the proposed settlement, Pioneer shall release the Class Representatives, Class Counsel and Class Counsel's respective partners, associates, counsel, employees, servants, successors, indemnitors and representatives (collectively, "Released Class Representatives/Counsel") from all claims, causes of action, rights, duties, requests, suits, administrative proceedings, damages, costs or other demands that might or could have been

brought arising from or related to the initiation, prosecution and settlement of the Actions, whether in law or equity, whether seeking damages or any other relief (including attorneys' fees), of any kind or character, known or unknown, that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, based upon any federal or state statutory or common law, including, without limitation, claims sounding in tort, contract, and the consumer protection laws of the United States or of any state or other jurisdiction within the United States, as well as under the unfair or deceptive trade practices, trade regulation, consumer fraud, and false advertising law of the United States or any state or other jurisdiction within the United States (the "Released Pioneer Claims"). In connection with this release, Pioneer hereby waives to the fullest extent permitted by the law the benefit, with respect to the initiation, prosecution and settlement of the Actions, of California Civil Code § 1542 quoted in subparagraph 7(b) above and of any similar statute, rule or law of any other jurisdiction and Pioneer covenants and agrees that it will forever refrain from instituting, maintaining or proceeding with any action against any Released Class Representative/Counsel with respect to any Released Pioneer Claim, including any Released Pioneer Claim, known and unknown, suspected and unsuspected, that Pioneer has or hereafter may have.

9. <u>Compromise Settlement</u>. This Settlement Agreement constitutes a compromise, resolution and settlement of the disputed claims to avoid the uncertainty, time, trouble and expense of litigation. All parties understand and agree that this Settlement Agreement does not constitute, and shall not be taken or construed as an admission of, liability on the part of Pioneer or any of the Released Parties, but rather such liability has been and is expressly denied. It is further understood and agreed that this Settlement Agreement shall not be admissible in evidence in any action or proceeding, except an action to enforce the terms of this Settlement Agreement or an action in which this Settlement Agreement provides a defense. The Class Members do not concede any infirmity or weakness in their claims. Pioneer does not concede any infirmity or weakness in its defenses or its products.

10.   <u>Class Notice</u>.  Within 21 days after the Preliminary Approval Date, the form of

class notice attached hereto as Exhibit D ("the Notice") shall be distributed and published, at

Pioneer's expense, as follows:

(a)   Pioneer shall post downloadable copies of the Notice and the claim forms

on its website with a link from Pioneer's homepage at www.pioneerelectronics.com;

(b)   Pioneer shall transmit a copy of the notice and copies of the claim forms to

persons who, according to Pioneer's records, have registered their PRO-x30 Televisions with

Pioneer;

(c)   Pioneer shall cause a copy of the Notice to be published twice each in

<u>USA Today</u> and the national edition of the <u>New York Times</u>; and

(d)   Pioneer shall cause a copy of the Notice to be published in one issue of

<u>Sound & Vision</u>.

11.   <u>Fee Award</u>.  If no Class Member has filed an objection, within ten days after entry

of the order approving this Settlement Agreement and the judgments dismissing all of the

Actions in their entirety with prejudice (the "Final Judgment Day"), Pioneer shall pay Class

Counsel collectively, by check or wire transfer payable to the order of Robert I. Lax &

Associates Trust Account, the amount ordered by the Court in the Lead Action as reasonable

attorneys' fees and expenses in connection with the dispute, including all of the Actions, in a

total amount not to exceed $1.5 million.  If a Class Member has filed an objection, within ten

days after the Final Judgment Day Pioneer shall pay the amount ordered by the Court in the Lead

Action not to Class Counsel but instead into an interest-bearing escrow account controlled by

Pioneer's counsel of record in the Lead Action.  If, within 70 days after the Final Judgment Day,

no notice of appeal has been filed, the contents of the escrow account, including accrued interest,

shall be disbursed to Class Counsel.  If, within 70 days after the Final Judgment Day, a notice of

appeal has been filed, the contents of the escrow account shall be disbursed, including accrued

interest, in accordance with the final decision in the appeal and any further proceedings in the

Lead Action within ten days of such decision becoming final and not subject to any further

review.  The award to be paid in accordance with this paragraph shall be paid by Pioneer

-10-

separate and apart from, and shall not otherwise reduce, the benefits that Pioneer has agreed to provide to Participating Class Members under the terms of this Settlement Agreement. Class Representatives shall not seek an award of attorneys' fees and costs in excess of $1.5 million, and Pioneer shall not contest the reasonableness of the Class Representatives' fee and expense petition in that amount.

12.     <u>Retention Of Jurisdiction</u>. The Court in the Lead Action shall retain jurisdiction for purposes of resolving any dispute arising under or relating to this Settlement Agreement, any claim asserted hereunder or any claim to which this Settlement Agreement provides a defense.

13.     <u>Authority To Sign</u>. The signatories hereto represent and warrant that they have the authority to sign this Settlement Agreement on behalf themselves and all persons and entities on whose behalf they purport to sign.

Pioneer Electronics (USA) Inc. and
Pioneer North America, Inc.

By_____

Pioneer Corporation

By_____

Approved as to form:

HUGHES HUBBARD & REED
WILLIAM T. BISSET
CHARLES AVRITH
DAVID A. LOMBARDERO
ALICIA D. MEW

MILBERG WEISS BERSHAD &
    SCHULMAN LLP
SANFORD P. DUMAIN
JEFF S. WESTERMAN
LEE A. WEISS
SETH D. RIGRODSKY
BRIAN D. LONG
JENNIFER S. CZEISLER
SABRINA S. KIM

ROBERT I. LAX & ASSOCIATES
ROBERT I. LAX

THE HERSKOWITZ LAW FIRM
JON HERSKOWITZ
JOHN DAVIS

LAW OFFICES OF HAROLD J. TOMIN
HAROLD J. TOMIN

HANDAL & ASSOCIATES
ANTON H. HANDAL
PAMELA C. CHALK

By_____
        William T. Bisset
      Attorneys for Pioneer

By_____
        Jeff S. Westerman
  Class Counsel and Attorneys for
        Class Representatives

-11-

# EXHIBIT A

To:   Pioneer Electronics (USA) Inc.
      c/o Parago, Inc.
      Administration No. 06-50460 (Pioneer PRO-x30 TV Claims)
      P.O. Box 540032
      El Paso, Texas 88554-0032

## CLAIM FORM FOR REIMBURSEMENT OF PAYMENT TO PIONEER OR PIONEER AUTHORIZED SERVICE COMPANY FOR CERTAIN WORK

1.   Before May 12, 2006, I purchased a Pioneer Elite high-definition, rear-projection television with the following model number (check one):

     ☐   Model PRO-530 HD
     ☐   Model PRO-530 HDI
     ☐   Model PRO-630 HD
     ☐   Model PRO-730 HD
     ☐   Model PRO-730 HDI

2.   The Serial Number on the television is _____ (required).

3.   Before May 12, 2006, I paid $_____ for provision and installation of Kit 1, Kit 2, their respective component parts or for other work specifically to eliminate colored lines that appeared inappropriately on the screen of my Elite PRO-x30 Television by _____ (fill in the name of the Pioneer authorized service provider). I enclose the receipt showing the name of the Pioneer authorized service provider, the amount of my payment and the service provided (must be for Kit 1, Kit 2, their respective component parts or for other work specifically to eliminate colored lines that appeared inappropriately on the screen of my Elite PRO-x30 Television).

4.   I wish to receive reimbursement at the address indicated below. I understand that, to qualify for reimbursement, my payment for Kit 1, Kit 2, their respective component parts or for other work specifically to eliminate colored lines that appeared inappropriately on the screen of my Elite PRO-x30 Television must have been to Pioneer or a Pioneer authorized service company listed on Pioneer's website (www.pioneerelectronics.com).

5.   I acknowledge receipt of the Notice of Pendency of Class Action and Proposed Settlement and Notice of Hearing. I declare under penalty of perjury under the laws of the State of California that the foregoing information is true.


Dated: _____        Signature: _____


Your Name (print): _____
                        Last                First              Middle Initial

Your Address (print): _____
                          Street Address                City, State  Zip Code

**Please return this Claim Form to the following address: Pioneer Electronics (USA) Inc. c/o Parago, Inc.; Administration No. 06-50460 (Pioneer PRO-x30 TV Claims); P.O. Box 540032; El Paso, Texas 88554-0032. All Claim Forms must be postmarked no later than October 29, 2006.**

LA 582264_1.DOC

# EXHIBIT B

To:    Pioneer Electronics (USA) Inc.
       c/o Parago, Inc.
       Administration No. 06-50458 (Pioneer PRO-x30 TV Claims)
       P.O. Box 540032
       El Paso, Texas 88554-0032


### CLAIM FORM TO RECEIVE SETTLEMENT VOUCHER

1.    Check one:

      ☐    I purchased a Pioneer Elite high-definition, rear-projection television
           Model PRO-530 HD before May 12, 2006, and I enclose the sales receipt.

      ☐    I purchased a Pioneer Elite high-definition, rear-projection television
           Model PRO-530 HDI before May 12, 2006, and I enclose the sales receipt.

      ☐    I purchased a Pioneer Elite high-definition, rear-projection television
           Model PRO-630 HD before May 12, 2006, and I enclose the sales receipt.

      ☐    I purchased a Pioneer Elite high-definition, rear-projection television
           Model PRO-730 HD before May 12, 2006, and I enclose the sales receipt.

      ☐    I purchased a Pioneer Elite high-definition, rear-projection television
           Model PRO-730 HDI before May 12, 2006, and I enclose the sales receipt.

2.    The Serial Number on the television is _____ (required).

3.    I wish to receive a settlement voucher at the address indicated below.

4.    I acknowledge receipt of the Notice of Pendency of Class Action and Proposed
      Settlement and Notice of Hearing.  I declare under penalty of perjury under the laws of
      the State of California that the foregoing information is true.


Dated: _____    Signature:_____


Your Name (print): _____
                         Last              First           Middle Initial

Your Address (print): _____
                         Street Address              City, State  Zip Code

**Please return this Claim Form to the following address: Pioneer Electronics (USA) Inc. c/o
Parago, Inc.; Administration No. 06-50458 (Pioneer PRO-x30 TV Claims); P.O. Box
540032; El Paso, Texas 88554-0032.  All Claim Forms must be postmarked no later than
January 27, 2007.**

LA 582262_1.DOC

# EXHIBIT C

To:   Pioneer Electronics (USA) Inc.
      c/o Parago, Inc.
      Administration No. 06-50462 (Pioneer PRO-x30 TV Claims)
      P.O. Box 540032
      El Paso, Texas 88554-0032

<u>CLAIM FORM FOR REIMBURSEMENT OF PAYMENT FOR ADDITIONAL ISF
CALIBRATION AFTER KIT 1 OR KIT 2 INSTALLATION</u>

1.   Before May 12, 2006, I purchased a Pioneer Elite high-definition, rear-projection television with the following model number (check one):

     ☐     Model PRO-530 HD
     ☐     Model PRO-530 HDI
     ☐     Model PRO-630 HD
     ☐     Model PRO-730 HD
     ☐     Model PRO-730 HDI

2.   The Serial Number on the television is _____ (required).

3.   On _____ (fill in date), I paid for an ISF Calibration on my Pioneer Elite high-definition, rear-projection television listed above. I enclose the receipt showing the service provided, the date of service and the service provider.

4.   On _____ (fill in date), a Kit 1 or Kit 2 was installed in my Pioneer Elite high-definition, rear-projection television listed above by _____ (state name of Pioneer authorized service provider). I enclose the receipt showing the service provided, the date of service and the Pioneer authorized service provider. I understand that, to qualify for reimbursement of any subsequent payment I made for another ISF Calibration, the Kit 1 or Kit 2 must have been installed by Pioneer or a Pioneer authorized service company listed on Pioneer's website (www.pioneerelectronics.com).

5.   On _____ (fill in date), I paid for another ISF Calibration on my Pioneer Elite high-definition, rear-projection television listed above. I enclose the receipt showing the service provided, the date of service, the service provider and the amount of the payment. I understand that the date of service must be before May 12, 2006.

6.   I wish to receive reimbursement at the address indicated below. I acknowledge that the maximum possible reimbursement per Participating Class Member is $500 and that, if the total reimbursement claims submitted by all Participating Class Member exceed $1 million, each reimbursement will be reduced pro rata by the percentage by which the total amount claimed by all Participating Class Members exceeds $1 million.

7.   I acknowledge receipt of the Notice of Pendency of Class Action and Proposed Settlement and Notice of Hearing. I declare under penalty of perjury under the laws of the State of California that the foregoing information is true.


Dated: _____     Signature: _____


Your Name (print): _____
                              Last                         First                    Middle Initial

Your Address (print): _____
                              Street Address                        City, State  Zip Code

**Please return this Claim Form to the following address: Pioneer Electronics (USA) Inc. c/o Parago, Inc.; Administration No. 06-50462 (Pioneer PRO-x30 TV Claims); P.O. Box 540032; El Paso, Texas 88554-0032. All Claim Forms must be postmarked no later than October 29, 2006.**

LA 582263_1.DOC

# EXHIBIT D

## NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTIONS
## AND NOTICE OF HEARING

TO ALL PERSONS IN THE UNITED STATES WHO, PRIOR TO MAY 12, 2006, PURCHASED A PIONEER ELITE HIGH-DEFINITION, REAR-PROJECTION TELEVISION MODEL NO. PRO-530 HD, PRO-530 HDI, PRO-630 HD, PRO-730 HD OR PRO-730 HDI ("Elite PRO-x30 Televisions"):

THIS NOTICE IS TO INFORM YOU OF THE PENDENCY OF CERTAIN CLASS ACTIONS AND THEIR PROPOSED SETTLEMENT. IF THE SETTLEMENT IS APPROVED BY THE COURT, CERTAIN BENEFITS WILL BE AVAILABLE TO THE MEMBERS OF THE CLASS IN SETTLEMENT OF ALL CLAIMS RELATING TO THE ELITE PRO-x 30 TELEVISIONS SOLD DURING THE CLASS PERIOD.

THIS NOTICE CONCERNS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY. NOTHING IN THIS NOTICE SHOULD BE CONSTRUED AS AN EXPRESSION BY THE COURT ABOUT THE MERITS OF THESE LAWSUITS OR THEIR PROPOSED SETTLEMENT.

By Order dated June 8, 2006, the Court has provisionally certified a class, for settlement purposes only, consisting of all persons in the United States, who, prior to May 12, 2006 (the "Class Period"), purchased or acquired an Elite PRO-x30 Television, excluding the following: (1) Pioneer, including employees and their immediate family members; (2) retailers, wholesalers and other middlemen who purchased the Elite PRO-x30 Televisions for resale; and (3) persons who timely and validly opt to exclude themselves from the class ("Class Members").

## BACKGROUND OF THE ACTIONS

1.    Class Representatives' Position.  Various plaintiffs commenced class-action lawsuits, on behalf of themselves and other similarly-situated purchasers of Elite PRO-x30 Televisions, seeking damages and other relief from Pioneer Electronics (USA) Inc., Pioneer North America, Inc., and Pioneer Corporation (collectively, "Pioneer").  Seven of these cases were consolidated for all purposes in the Superior Court of the State of California for the County

of Los Angeles (the "Court") and captioned In re Pioneer Elite PRO-x30 Cases (Case

No. JCCP 4390) (the "Lead Case"). The consolidated amended complaint filed on behalf of the

named plaintiffs (collectively, the "Class Representatives") in the Lead Case and the parallel

actions filed in New Jersey, Florida, Texas and Delaware (collectively, the "Actions") allege

video and power problems which cause Elite PRO-x30 Televisions to display colored lines and

assert causes of action for violation of the California Consumers Legal Remedies Act, the

California Song-Beverly Consumer Warranty Act, the California Unfair Competition Law, the

unfair and deceptive practices statutes of various states and the Magnuson-Moss Warranty Act

and for breach of warranty and unjust enrichment.

      2.     <u>Pioneer's Position</u>. Pioneer denies that it has violated any laws, contracts or

statutes, or occasioned any damages to purchasers, in connection with the advertising, marketing,

manufacturing, design and/or sale of the Elite PRO-x30 Televisions.

## BACKGROUND OF THE PROPOSED SETTLEMENT

      3.     <u>Background</u>. As of May 12, 2006, the parties entered into a settlement

agreement, which is subject to the approval of the Court. Milberg Weiss Bershad & Schulman

LLP, 355 S. Grand Avenue, Suite 4170, Los Angeles, California 90071; Robert I. Lax &

Associates, 535 Fifth Avenue, Suite 2100, New York, New York 10017; The Herskowitz Law

Firm, 9100 S. Dadeland Boulevard, Suite 1404, Miami, Florida 33156; Law Offices of Harold J.

Tomin, 1465 Fuller Avenue, Los Angeles, California 90036; Handal & Associates, 1200 Third

Avenue, San Diego, California 92101; and Law Offices of Lance N. Stott, 500 W. 16th Street,

Suite 101, Austin, Texas 78701 (collectively, "Class Counsel") believe that the claims asserted

in the Actions have merit. Nevertheless, the Class Representatives and Class Counsel believe

that it is in the best interests of the class to settle the pending Actions. In determining to settle

the Actions, Class Counsel have evaluated information made available in the course of the

Actions and have taken into account the risks and uncertainties of proceeding with the Actions.

Those risks include, but are not limited to, the outcome of dispositive motions, proof of liability

at trial, the existence and/or the amount of damages provable at trial, post-trial motions and

likely appeals, as well as the substantial expense, effort and time necessary to prosecute the

Actions. Based on their consideration of all of these factors, the Class Representatives and Class Counsel believe that it is in the best interests of the class to settle the Actions on the terms disclosed herein, which they believe confer a substantial benefit on the class.

4.      Court's Role.  The Court has not determined the merits of the Class Representatives' claims or Pioneer's defenses thereto.  This Notice does not imply that there has been or would be any finding of violation of the law by Pioneer or that recovery could be had in any amount if the Actions were not settled.

## TERMS OF THE PROPOSED SETTLEMENT

5.      Potential Class Benefits.  Pursuant to the parties' Settlement Agreement, which is subject to final approval of the Court, each Class Member who purchased an Elite PRO-x30 Television and has not opted out of the class ("Participating Class Member") may be entitled to one or more of the benefits described in paragraphs 6, 7, 8 and 9 below.

6.      Free Installation Of Video Amplification Circuit Replacement ("Kit 2").  Without charge to Participating Class Members, Pioneer will supply, and provide in-home installation of, replacement video amplification circuits ("Kit 2") for any Participating Class Member who has not previously received a Kit 2 or who has a Kit 2 that is not functioning properly.  Eligible Participating Class Members must request the Kit 2 installation within 180 days after the date on which the Court finally approves the proposed settlement (the "Final Approval Date") by contacting Pioneer (a) by telephone at 1 800-421-1404, (b) on-line at its website (www.pioneerelectronics.com) using the "Contact Us" page under the "Services & Support" tab or (c) by letter at Customer Service Department, Pioneer Electronics Service, Inc., P.O. Box 1760, Long Beach, California  90801, to request that Pioneer provide a Kit 2.

7.      Extended Kit 2 Limited Warranty.  Solely with respect to Kit 2, Pioneer will extend its existing Elite PRO-x30 Television written limited warranty so that it will provide a total of two years of coverage after installation of the Kit 2, whether such installation was before or after the Final Approval Date.  All other limitations in Pioneer's written limited warranty applicable to Participating Class Members' Elite PRO-x30 Televisions will continue to apply without change through this extended warranty period.  During this extended warranty period,

Pioneer, at its option, will repair or replace the Kit 2 without charge in the event that there is a defect in the Kit 2 or an error in its installation in an Elite PRO-x30 Television by Pioneer or a Pioneer authorized service company listed on Pioneer's website (www.pioneerelectronics.com).

      8.    Reimbursement Of Certain Payments To Pioneer Or Pioneer Authorized Service Companies. Pioneer will reimburse each Participating Class Member for his, her or its actual out-of-pocket payment, if any, made before May 12, 2006, for provision and installation by Pioneer or a Pioneer authorized service company listed on Pioneer's website of a Kit 2, its predecessor ("Kit 1") or their respective component parts or for other work performed by Pioneer or a Pioneer authorized service company listed on Pioneer's website specifically to eliminate colored lines that appeared inappropriately on the screen of an Elite PRO-x30 Television. To qualify, all requests for reimbursement must be submitted to Pioneer, c/o Parago, Inc., Administration No. 06-50460 (Elite PRO-x30 TV Claims), P.O. Box 540032, El Paso, Texas 88554-0032, by mail, postmarked within 90 days after the Final Approval Date, and must include all of the following: (i) a completed claim form, in the form attached hereto as Exhibit A, signed under penalty of perjury; (ii) an original invoice or statement from Pioneer or a Pioneer authorized service company listed on Pioneer's website showing on its face that it was for provision and installation of Kit 1, Kit 2 or their component parts or for other work to eliminate colored lines that appeared inappropriately on the screen of an Elite PRO-x30 Television; and (iii) proof of payment by a Participating Class Member (or, in lieu of an original, a copy of the original proof of payment if no other claim with respect to the same service is submitted by anyone) of that invoice or statement.

      9.    Settlement Voucher.

      (a)    After completing all of the steps detailed in subparagraphs 9(b) and 9(c) below, each Participating Class Member shall be entitled to a settlement voucher redeemable for a 22% cash rebate from Pioneer on such Participating Class Member's purchase, after the Final Approval Date, from an authorized Pioneer dealer listed on Pioneer's website, of one but only one Pioneer home electronics product (specifically, a DVD player or recorder, Blu-ray player or recorder, CD player, cassette player, home-theater-in-a-box system, speaker or headphone,

turntable, A/V receiver or amplifier, or plasma television designed for use at home) having a sales price of more than $200, exclusive of taxes, delivery, installation, extended warranty or other charges; provided, however, that in no event shall the cash rebate exceed $800 even if the amount of the sales price exceeds $3,636.37.

        (b)     To obtain a settlement voucher to be used for a cash rebate on a future purchase, a Participating Class Member must submit to Pioneer, c/o Parago, Inc., Administration No. 06-50458 (Elite PRO-x30 TV Claims), P.O. Box 540032, El Paso, Texas 88554-0032, by mail, postmarked within 180 days after the Final Approval Date, the following: (i) a completed claim form, in the form attached as Exhibit B to the copy of this notice posted on Pioneer's website or available from Class Counsel at the address set forth in paragraph 15(c) below, signed under penalty of perjury; and (ii) the original sales receipt (or, in lieu of an original, a copy of the sales receipt or store invoice showing the retailer, the model of Elite PRO-x30 Television sold and the date and amount of the sale if no other claim with respect to the same purchase is submitted by anyone) for the purchase of an Elite PRO-x30 Television on or before May 12, 2006. Settlement vouchers are non-transferable and usable only once and not in combination with any other settlement voucher. Pioneer will send settlement vouchers to Participating Class Members within 45 days of receipt of claims that comply with this subparagraph.

        (c)     To redeem a settlement voucher for a cash rebate, a Participating Class Member must submit to Pioneer, c/o Parago, Inc., Administration No. 06-50459 (Elite PRO-x30 TV Claims), P.O. Box 540032, El Paso, Texas 88554-0032, by mail, postmarked on or before March 31, 2007, the following: (i) a completed settlement voucher and (ii) an original sales receipt (or, in lieu of an original, a copy of the sales receipt or store invoice showing the retailer, the product sold and the date and amount of the sale if no other claim with respect to the same purchase is submitted by anyone) for the purchase, made after the Preliminary Approval Date, of a Pioneer home electronics product listed in subparagraph 9(a) from an authorized Pioneer dealer listed on Pioneer's website.

10.    ISF Calibration Reimbursement.

(a)    After a Participating Class Member has completed all of the steps detailed in this subparagraph and subject to subparagraph 5(b) below, Pioneer will reimburse him/her/it up to a maximum of $500 per Participating Class Member for his/her/its payment before the Preliminary Approval Date of charges for one or more ISF Calibrations on his/her/its Elite PRO-x30 Television if but only if performed after installation of Kit 2 and if but only if the Participating Class Member had also paid for an ISF Calibration before installation of Kit 1 or Kit 2. A Participating Class Member seeking such reimbursement must submit to Pioneer, c/o Parago, Inc., Administration No. 06-50462 (Pioneer x30 TV Claims), P.O. Box 540032, El Paso, Texas 88554-0032, by mail, postmarked within 90 days after the Final Approval Date, the following: (i) a completed claim form, in the form attached hereto as Exhibit C, signed under penalty of perjury, and (ii) an original invoice or statement and proof of payment (or, in lieu of an original, a copy if no other claim with respect to the same ISF Calibration is submitted by anyone) showing that the Participating Class Member (a) obtained and paid for an ISF Calibration on his/her/its Elite PRO-x30 Television; (b) after such payment for ISF Calibration, had Kit 1 or Kit 2 installed in his/her/its Elite PRO-x30 Television; and (c) after installation of Kit 1 or Kit 2 but before the Preliminary Approval Date, obtained and paid for one or more additional ISF Calibrations.

(b)    The maximum total reimbursement to be paid by Pioneer to all Participating Class Members submitting claims pursuant to subparagraph (a) of this paragraph shall be $1 million and, if more than that total amount is claimed, payments to all individual Participating Class Members submitting claims shall be reduced pro rata by the percentage by which the total amount claimed by all Participating Class Members exceeds $1 million.

11.    Release Of Class Claims.

(a)    If the Court grants the parties' request for final approval of the proposed settlement, all Actions shall be dismissed in their entirety with prejudice and Pioneer and each of its present and former, direct and indirect, subsidiaries, parents, affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners, partnerships, joint ventures,

employees, agents, servants, assignees, successors, insurers, indemnitees, attorneys, transferees

and/or representatives (collectively, the "Released Parties"), shall be released and forever

discharged by the Participating Class Representatives, for themselves and as the representatives

of each Participating Class Member, and each Participating Class Member on behalf of himself,

herself or itself and their respective present and former, direct and indirect, subsidiaries, parents,

affiliates, unincorporated entities, divisions, groups, officers, directors, shareholders, partners,

partnerships, joint ventures, employees, agents, servants, assignees, successors, insurers,

indemnitors, indemnitees, attorneys, transferees, and/or representatives, from all claims, causes

of action, rights, duties, requests, suits, administrative proceedings, damages, costs or other

demands that have been, might have been, are now, or could have been brought arising from or

related to (a) any advertising, marketing, statement, omission or other business practice with

respect to any Elite PRO-x30 Television or (b) any issue with any Elite PRO-x30 Television

relating to video quality, the appearance of any colored line on the screen or any loss of power

whether in law or equity, whether seeking damages or any other relief (including attorneys'

fees), of any kind or character, known or unknown, that are now recognized by law or that may

be created or recognized in the future by statute, regulation, judicial decision, or in any other

manner, based upon any federal or state statutory or common law, including, without limitation,

claims sounding in tort, contract, and the consumer protection laws of the United States or of any

state or other jurisdiction within the United States, as well as under the unfair or deceptive trade

practices, trade regulation, consumer fraud, and false advertising law of the United States or any

state or other jurisdiction within the United States, including but not limited to any claims

relating to the alleged diminished value of or need to replace a Elite PRO-x30 Television but not

including any claim for bodily (but not emotional) injury (the "Released Claims"); provided,

however, that notwithstanding this release, Participating Class Members will retain their rights

under this Settlement Agreement and whatever rights, if any, they may have in accordance with,

but subject to all time and other limitations in, Pioneer's written limited warranties and this

Settlement Agreement.

(b)    Class Representatives are aware of and, on behalf of themselves and all Participating Class Members, hereby waive to the fullest extent permitted by law the benefit, with respect to Elite PRO-x30 Televisions, of California Civil Code § 1542, which reads as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

and any similar statute, rule or law of any other jurisdiction.

(c)    If the Court grants the parties' request for final approval of the proposed settlement, in consideration of this Settlement Agreement and the benefits extended to the class the Class Representatives covenant and agree, and each Participating Class Member shall be deemed to have covenanted and agreed, that he, she or it will forever refrain from instituting, maintaining or proceeding with any action against any Released Party with respect to any Released Claim, including Released Claims known and unknown, suspected and unsuspected, that he, she or it has or hereafter may have. This Settlement Agreement may be pleaded by the Released Parties as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted, asserting any Released Claim.

12.    <u>Release Of Pioneer Claims</u>. If the Court grants the parties' request for final approval of the proposed settlement, Pioneer shall release the Class Representatives, Class Counsel and Class Counsel's respective partners, associates, counsel, employees, servants, successors, indemnitors and representatives (collectively, "Released Class Representatives/Counsel") from all claims, causes of action, rights, duties, requests, suits, administrative proceedings, damages, costs or other demands that might or could have been brought arising from or related to the initiation, prosecution and settlement of the Actions, whether in law or equity, whether seeking damages or any other relief (including attorneys' fees), of any kind or character, known or unknown, that are now recognized by law or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other

manner, based upon any federal or state statutory or common law, including, without limitation, claims sounding in tort, contract, and the consumer protection laws of the United States or of any state or other jurisdiction within the United States, as well as under the unfair or deceptive trade practices, trade regulation, consumer fraud, and false advertising law of the United States or any state or other jurisdiction within the United States (the "Released Pioneer Claims"). In connection with this release, Pioneer hereby waives to the fullest extent permitted by the law the benefit, with respect to the initiation, prosecution and settlement of the Actions, of California Civil Code § 1542 quoted in subparagraph 7(b) above and of any similar statute, rule or law of any other jurisdiction and Pioneer covenants and agrees that it will forever refrain from instituting, maintaining or proceeding with any action against any Released Class Representative/Counsel with respect to any Released Pioneer Claim, including any Released Pioneer Claim, known and unknown, suspected and unsuspected, that Pioneer has or hereafter may have.

13.    <u>Compromise Settlement</u>.  The proposed settlement constitutes a compromise, resolution and settlement of the disputed claims to avoid the uncertainty, time, trouble and expense of litigation.  All parties understand and agree that the Settlement Agreement shall not constitute, and shall not be taken or construed as an admission of, liability on the part of Pioneer or any of the Released Parties, but rather such liability has been and is expressly denied.  It is further understood and agreed that the Settlement Agreement shall not be admissible in evidence in any action or proceeding, except an action to enforce the terms of the Settlement Agreement or an action in which the Settlement Agreement provides a defense.  The Class Members do not concede any infirmity or weakness in their claims.  Pioneer does not concede any infirmity or weakness in its defenses or its products.

**THE RIGHTS OF CLASS MEMBERS TO OPT OUT OF THE CLASS OR TO OBJECT TO THE PROPOSED SETTLEMENT OR CLASS COUNSELS' REQUEST FOR FEES AND EXPENSES**

14.    <u>Right To Opt Out Or Object</u>.  The Court has certified the Lead Action to proceed as a class action for settlement purposes only, with the class consisting of all purchasers of Elite

PRO-x30 Televisions throughout the United States. Class Members have the following options under the Settlement Agreement:

(a)    If you wish to participate in the settlement, you do not need to appear at the Settlement Hearing discussed below or take any other action.

(b)    If you do not wish to be a Participating Class Member, you may opt out of the class. If you elect to opt out of the class, you will NOT be entitled to receive any benefits under the Settlement Agreement, you may NOT object to the settlement and you will retain any individual rights you may have with respect to the claims asserted in the Actions. Any Class Member who wishes to opt out of the class must do so in writing by mailing an election to opt out of the class to Class Counsel, who shall promptly thereafter notify the Court and Pioneer's counsel of record of the identities of all persons who have opted out of the class. Any Class Member electing to opt out of the class must mail to Class Counsel at the address set forth in subparagraph 14(c) below a written notice of unconditional election to opt out of the class that is postmarked not later than July 10, 2006. No request to opt out will be accepted unless it is postmarked on or before July 10, 2006, and received no later than July 17, 2006. The election to opt out must be signed by the Class Member electing to opt out. All requests to opt out that fail to satisfy the requirements of this paragraph, and any additional requirements as the Court may impose, shall not be effective. Any Class Member who does not properly and timely submit an election to opt out as required herein shall be deemed to have waived all rights to opt out and shall be deemed a Participating Class Member for all purposes under the Settlement Agreement. Any Class Member electing to opt out of the class may not be allowed to rescind or revoke such election, without the approval of the parties and the Court. If more than 5% of all Class Members elect to opt out of the class, Pioneer shall have the option to terminate the settlement, in which case the settlement class shall be decertified and the parties shall be returned to the positions they would have had in the Actions if there had been no settlement.

(c)    You may, if you desire, appear at the Settlement Fairness Hearing described below to object to the proposed settlement or to the application for attorneys' fees and reimbursement of expenses if but only if you do not elect to opt out of the class. To object, you

must file a written notice of objection, together with a statement of your reasons for objecting, with the Court, at 600 South Commonwealth Avenue, Department 324, Los Angeles, California 90005. To be considered by the Court, all objections must be received on or before July 17, 2006, and copies must also be sent to:

Class Counsel:

Jeff S. Westerman, Esq.
Milberg Weiss Bershad & Schulman LLP
355 South Grand Avenue, Suite 4170
Los Angeles, California 90071

Counsel for Pioneer:

William T. Bisset, Esq.
Hughes Hubbard & Reed LLP
350 South Grand Avenue
36th Floor
Los Angeles, California 90071

**SETTLEMENT FAIRNESS HEARING**

15.    Settlement Fairness Hearing.

(a)    On July 31, 2006, at 9:00 a.m., the Court will hold a hearing at 600 South Commonwealth Avenue, Department 324, Los Angeles, California 90005, to determine whether the proposed settlement should be approved as fair, reasonable and adequate, and whether judgment should be entered thereon. The Court will also consider at this hearing the request of Class Counsel for an award of attorneys' fees and reimbursement of expenses in the total amount of $1.5 million for the services they rendered in the Actions. Pioneer has agreed as part of the Settlement Agreement to pay Class Counsel whatever amount is ordered by the Court by way of attorneys' fees and reimbursement of expenses, provided that the total amount does not exceed $1.5 million. Any amount awarded by the Court will be paid separately by Pioneer to Class Counsel and will not in any way diminish the remedies available to Participating Class Members under the Settlement Agreement.

(b)    Your attendance at the Settlement Fairness Hearing is not required. However, you may be heard orally at the Settlement Fairness Hearing in opposition to the proposed settlement or Class Counsel's application for attorneys' fees and expenses only if you have not elected to opt out of the class and only if you have timely filed a written objection in the

manner described above.  You may also enter an appearance through an attorney, at your own expense.  If you do not do so, you will be represented in the Actions by Class Counsel.

## FURTHER INFORMATION

16.    <u>Further Information</u>.  For more details of the matters involved in the Actions, reference is made to the pleadings and the other papers filed in the Lead Action, which may be inspected at the Office of the Clerk of the Court, located at 600 South Commonwealth Avenue, Los Angeles, California  90005 (under the Docket Number listed in the caption above) during regular business hours.

17.    <u>Inquiries</u>.  Inquiries regarding the settlement benefits, procedures and claim forms may be directed to Class Counsel at (213) 617-1200.  Participating Class Members who have questions also may telephone Parago, Inc. at (800) 871-0878.  <u>PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT</u>.